DAVIS *v.* DAVIS.

DIVORCE—SUPPORT OF CHILDREN—CHANGED CONDITIONS—AMENDING DECREE.

> Where award to wife, in divorce decree, is insufficient, under changed conditions, to provide adequate support for herself and three children, although she was awarded valuable equities in real estate, court properly amended decree requiring husband to pay $15 per week toward support of children.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted January 11, 1933. (Docket No. 99, Calendar No. 36,910.) Decided April 4, 1933.

Divorce proceedings by Imogene Roberts Davis against Douglas M. Davis. On petition of plaintiff for amended decree providing for additional award for support of children. Decree for plaintiff. Defendant appeals. Affirmed.

*Harold W. Dudley,* for plaintiff.

*Fildew & Degree,* for defendant.

WIEST, J. This is an appeal by defendant from an amended decree requiring him to pay $15 per week toward the support of his three children, aged respectively 10, 12, and 14 years. The parties were divorced August 12, 1930, and plaintiff was awarded property for permanent alimony, dower rights, and support of the children, in accordance with an agreement found to be fair, and incorporated in the decree by reference. By that agreement, plaintiff was given valuable equities in real estate and as ''perma-

nent alimony for the support and maintenance of herself and the support, maintenance, and education of said minor children," also in lieu of dower. The fairness of the agreement is not attacked, for plaintiff wants to keep all given her, but finds the income from the properties will not meet interest on incumbrances, pay the taxes, and afford support for herself and the children. The expensive residence of the parties, incumbered by a large mortgage, was given plaintiff in the settlement agreement, and, after the divorce, she traded this for a cheaper home, incumbered by a mortgage, and received $10,000 in cash, most of which was used to meet pressing obligations. Plaintiff also received the vendor's interest in two valuable land contracts, subject to a mortgage of $25,000. While the contracts are divisible, the mortgage is indivisible, and the mortgagee will not release the smaller parcel without a substantial payment on the mortgage, and plaintiff is unable to do this and realize on the smaller contract. The large contract is very valuable, and brings plaintiff $6,000 per year, but much of this is consumed by interest plaintiff must pay on the mortgage on such property. The equity plaintiff has in such property is valuable, and, if it could be sold, would afford adequate means of support for herself and children, but the settlement agreement provides:

"That she will not sell the above-described vendor's interest in the Kuhn contracts, so called, for a period of five years from the date hereof, provided, however, that she shall have the right to pledge the same for such sums as may be necessary for the support and maintenance of herself and her said children in order to tide over periods in said contracts when sums payable thereon are not sufficient for that purpose."

Under present conditions it will be difficult, if not impossible, to find any one willing to advance money on such a pledge subject to a mortgage of $25,000. This saves the plaintiff from an accusation that she desires to conserve the property to her own benefit, and, to that end, asks the court to be relieved from her obligation to support the children. If there were no restraint upon her right to sell her equity, we would require her to do so, and, out of the avails, support the children.

The parties evidently lived in an extravagant manner. Defendant, before the divorce, received a salary of $25,000 a year. The day following the signing of the decree defendant remarried, and is now living in Kentucky on a farm owned by his present wife, and is engaged, as a member of a corporation, in raising unsalable saddle horses. He claims to be without financial means. The children must be supported, and the court had adequate power to amend the decree to this end at any time. The award made will probably require plaintiff to readjust her style of living, and require defendant to spur himself to some financial effort.

Upon consideration of the record, we discover no reason for interfering with the order in the circuit. The amended decree is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred