MULCAHY *v.* MULCAHY.

1. DIVORCE—PROVISION IN LIEU OF DOWER—MODIFICATION OF DECREE.
   A provision in lieu of dower in a decree of divorce or for division of property between the parties is final and cannot be modified in the absence of fraud or other reason which would apply to any decree.

2. SAME—DOWER—ALIMONY—MODIFICATION OF DECREE.
   Decree of divorce which not only provided that its property provisions should be in lieu of dower but, also, that they should be for wife's support and maintenance and in full for alimony allowance *held,* subject to modification since it provided for alimony.

3. SAME—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES.
   Modification of allowance of $10 per week for three years after decree of divorce for wife, made after expiration of that period to allow her $7 per week until further order of the court *held,* justified by changed circumstances of wife, original decree of divorce having reserved right of either party to apply to court for modification.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 22, 1935. (Docket No. 26, Calendar No. 38,057.) Decided March 5, 1935.

Divorce proceedings between William F. Mulcahy and Grace L. Mulcahy. On motion of defendant to modify decree as to alimony provisions. From order for defendant, plaintiff appeals. Affirmed.

*Wm. Henry Gallagher* (*S. Reymont Paul,* of counsel), for plaintiff .

*Alean B. Clutts,* for defendant.

NORTH, J. This is an appeal from an amended decree which modifies the provisions as to alimony in the original decree of divorce. The parties were divorced October 23, 1930, and the decree provided:

"It is further ordered, adjudged and decreed, that the said plaintiff and cross-defendant pay to the said defendant and cross-plaintiff, or to the clerk of this court, for her use and benefit, the sum of $10 upon the 28th day of October, A. D. 1930, and the further sum of $10 on the 3d day of each and every week during the ensuing three years, from and after the date of this decree. * * *

"It is further ordered, adjudged and decreed that the provisions herein made for defendant and cross-plaintiff, Grace L. Mulcahy, shall be for her support and maintenance and in full for alimony allowance, and shall be in lieu of dower and in full satisfaction of all claims that said defendant and cross-plaintiff may have in any property which the plaintiff and cross-defendant owns or may hereafter own or in which he may have any interest. * * *

"It is further ordered that either party be at liberty to apply to this court as occasion may require."

On November 4, 1933, the decree was amended by the circuit judge who originally heard the case. As amended the provision for alimony reads:

"It is further ordered, and the court now here doth order that the said plaintiff and cross-defendant pay to the friend of the court, as permanent alimony, the sum of seven dollars per week, each and every week, commencing on the 23d day of October, A. D. 1933, and every week thereafter, for the use of the defendant and cross-plaintiff, Grace L. Mulcahy, until the further order of this court."

Appellant challenges the power of the trial court to modify the decree on the ground that the provision first above quoted from the original decree is "for both alimony and in lieu of dower." He relies upon *Kutchai* v. *Kutchai,* 233 Mich. 569, and *Belting* v. *Wayne Circuit Judge,* 245 Mich. 111.

The *Kutchai Case* holds that in the absence of fraud or other reason which would apply to any decree, a provision in lieu of dower in a decree of divorce or for division of property between the parties "is final and cannot be modified." There can be no question about this rule of law, but its applicability to the instant case raises the controversial issue.

Appellant relies upon the *Belting Case* as sustaining his contention that the rule stated in the *Kutchai Case* is applicable to the case now before us. The decree in the instant case (as noted in appellant's brief) is "for both alimony and in lieu of dower;" and this distinguishes it from the *Belting Case* wherein it is said:

"This decree is complete and unambiguous. It plainly declares the award to be in lieu of dower and in satisfaction of property claims. *It is not a decree for alimony.*"

But in the instant case the original decree (as appears from the quotation hereinbefore made) not only provided that its property provisions should be

in lieu of dower, but also that they should be for Mrs. Mulcahy's "support and maintenance and in full for alimony allowance." Clearly this decree provided for alimony and hence is subject to modification. *Kutchai* v. *Kutchai, supra; Davis* v. *Davis,* 262 Mich. 391; *Eddy* v. *Eddy,* 264 Mich. 328.

Appellant also challenges the modification made by the circuit judge on the ground that there was no showing of a change in circumstances since the entry of the original decree which would warrant the modification. This contention cannot be sustained. Without reciting details in full, it is sufficient to note that at the time the original decree was granted Mrs. Mulcahy was possessed of property from which she was receiving a rental income of $85 per month, but change in conditions has reduced the rental value of this property substantially one-half. This has necessitated or at least justified Mrs. Mulcahy in giving up the rented apartment formerly occupied by her and together with her married daughter occupying the property from which she received monthly rental of $85 at the time the original decree was granted. From such income formerly Mrs. Mulcahy had the means of paying taxes, insurance and repairs on her property; whereas she is now compelled to arrange with her daughter incident to the latter's joint occupancy of the premises for payment of these items. Conclusively Mrs. Mulcahy's circumstances have changed adversely to her interest since the date of the original decree. It is true that Mr. Mulcahy's earnings during the corresponding period have decreased from $85 per week to $57 per week. This circumstance was evidently taken into consideration by the circuit judge in fixing the weekly alimony at seven dollars. The amended decree results in Mr. Mulcahy's having $50 per week of

his income with which to support himself and present wife and in his being required to contribute $7 per week towards the support of his former wife until the further order of the court. We are not prepared to say under this record that the modification is not justified.

The amended decree is affirmed but without prejudice to the right of the trial court to hear and determine any future application by either party for a modification thereof. Costs to appellee.

Potter, C. J., and Nelson Sharpe, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.