BURKE *v.* BURKE.

1. DIVORCE—NONSUPPORT—EVIDENCE—TEMPORARY ALIMONY.

Where plaintiff wife testified that defendant husband had given her only $25 for the support of herself and their two-year-old child during approximately nine months prior to the filing of the bill for divorce on ground of nonsupport, it was unnecessary to discuss the legal effect of his claim that the finding of nonsupport was based upon his failure to pay temporary alimony since there was testimony showing nonsupport prior to the filing of the bill and the subsequent conduct was but a continuance thereof.

2. SAME—ABILITY OF HUSBAND TO PAY ALIMONY—PLEADINGS—EVIDENCE.

A showing of ability to pay alimony was made where sworn bill of complaint alleged such ability, sworn answer and testimony were to the effect that defendant's weekly pay amounted to almost $50 weekly.

3. SAME—CUSTODY OF CHILD—DISCRETION OF COURT.

It was not an abuse of discretion on the part of the trial judge to grant wife custody of young child where child was kept at the home of wife's stepmother notwithstanding that wife, who was possibly indiscreet at times and prone to indulge in profanity, was a woman of good character, was not being properly supported by defendant and worked in various taverns in the late afternoon and evening.

4. SAME—ALIMONY—SUPPORT OF CHILD—ATTORNEY FEE—DISCRETION OF COURT.

No abuse of discretion was shown by trial judge in suit for divorce in ordering defendant husband who earned nearly $50 weekly, to pay alimony in the amount of $240, $100 within 15 days, and balance at rate of $15 per week and thereafter $8 a week for support of their one child, and an additional attorney fee of $75, one-half to be paid in 30 days and balance in 60 days and any extraordinary expense incurred to correct child's defective vision.

5. SAME—BRIEF ON APPEAL—COSTS—COURT RULES.

No costs are allowed wife upon affirmance of divorce decree on husband's appeal where her brief in Supreme Court was filed long after the time provided for in the court rules and after the opinion was prepared (Court Rule No. 69 [1945]).

Appeal from Oakland; Holland (H. Russell), J. Submitted June 13, 1946. (Docket No. 64, Calendar No. 43,324.) Decided September 11, 1946.

Bill by Gertrude Mildred Burke against John A. Burke, Jr., for a divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Charles A. Holman,* for plaintiff.

*Thomas L. Thomson,* for defendant.

BUTZEL, C. J.   Defendant John A. Burke, Jr., appeals from a decree granting Gertrude Mildred Burke, plaintiff, a divorce, the custody of the minor child, Harold, born October 26, 1941, and awarding her a limited amount for alimony and attorney's fees, and the sum of $8 per week for the support of the child.

The parties were married at Bowling Green, Ohio, on December 17, 1940.   Shortly thereafter loss of mutual respect and affection caused many arguments and difficulties.   The police were called at one time to avoid serious consequences.   Defendant was to blame for many of the quarrels, although plaintiff's conduct at times was not above reproach.   Her frequent use of profanity and her conduct otherwise contributed at times to the domestic unhappiness. Plaintiff filed a bill for divorce in the Wayne circuit court in chancery a few years after the marriage, but the parties became reconciled, and the suit was discontinued in September, 1942.   The truce, however, was of short duration.   According to the testimony, defendant took plaintiff and the child to her stepmother's home in May, 1943, and stated that he was through with them and wanted none of her or the baby.

Plaintiff waited until February 28, 1944, when the instant chancery suit was begun in the Oakland circuit court.   She charged defendant with cruelty, nonsupport and desertion.   On March 27, 1944, an order for temporary alimony of $7.50 per week was made.   Because of nonpayment of the temporary alimony, in November, 1944, plaintiff filed a petition for attachment, whereupon defendant sought a modification of the order.   The court held defendant guilty of contempt and found that he was $225 in arrears in the payments ordered.

At the hearing of the case on its merits the court ruled that only testimony as to what had occurred after the reconciliation, following the dismissal of the first suit, would be considered. He stated that he had observed defendant during the course of the hearing and was impressed with the fact that defendant seemed to be motivated by a desire to defeat the action rather than to resume the marital relationship. The court granted a divorce on the grounds of nonsupport.

Plaintiff testified that for approximately nine months prior to the filing of the bill, defendant had only given her $25 for the support of herself and the child. It is not necessary to discuss the legal effects of defendant's claim of error, even if it had any merit, that the finding of nonsupport was based on the failure to pay temporary alimony. The testimony showed nonsupport prior to the filing of the bill, and the failure to pay alimony was a continuation of such conduct. Defendant, however, claims that there was no showing of his ability to pay. In the sworn bill plaintiff alleged such ability. In the sworn answer defendant stated that his weekly pay amounted to almost $50. There was testimony to this effect. There was absolutely no showing of defendant's inability to pay.

Defendant claims that the judge erred in awarding the custody of the child to plaintiff. It was shown that the child was kept at the home of plaintiff's stepmother, that plaintiff, while possibly indiscreet at times and prone to indulge in profanity, was a woman of good character. She was not being properly supported by defendant; she worked in various taverns in the late afternoon and evening. There was no abuse of judicial discretion in awarding the custody of the child to the mother. *Burkhardt* v. *Burkhardt*, 286 Mich. 526.

The court granted plaintiff alimony of $240, $100 of which defendant was ordered to pay within 15 days and the balance at the rate of $15 per week, and when so paid, thereafter he was to pay $8 a week for the support of the child. He was also ordered to pay an additional attorney fee of $75, one-half to be paid in 30 days and the balance in 60 days. He was also ordered to pay any extraordinary expense that might be incurred to correct the child's defective vision. The record amply supports such decree, and no abuse of discretion is shown.

The decree is affirmed, but without costs as plaintiff filed her brief in this court long after the time provided for in the rules* and after this opinion was prepared.

CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.