# OCTOBER TERM, 1955.

## STEED *v.* STEED.

1. DIVORCE—EACH CASE ADJUDICATED ON ITS OWN MERITS.
   Each divorce case must be adjudicated upon its own merits.

2. SAME—AMENDMENT OF DECREE—EQUITY—ALIMONY—COSTS.
   Amendment of decree whereby husband was required to pay wife $1,000 alimony at the rate of $10 per week and the sum of $25 per week for 10 months each year until their only child, a son who was attending college, was 21 years of age, *held,* equitable in view of state of health of the respective parties, although no prohibition is made as to reopening case after the $1,000 has been paid, and no costs are allowed.

Appeal from Kent; Searl (Fred N.), J. Submitted June 14, 1955. (Docket No. 48, Calendar No. 46,499.) Decided October 11, 1955.

Petition by defendant, Rose D. Steed, to amend decree of divorce granted her from plaintiff, Howard M. Steed, praying for additional alimony. Order entered amending decree. Defendant appeals. Affirmed.

*Earl T. Glocheski,* for plaintiff.

*Evered C. Dudley,* for defendant.

REID, J. This is a proceeding for a redetermination of the award to the defendant Rose D. Steed. A decree of divorce was entered in this cause on

REFERENCES FOR POINTS IN HEADNOTES

[2] 17 Am Jur, Divorce and Separation §§ 596–602, 695–699.

March 21, 1945 on a hearing had on the original bill of complaint and the answer and cross bill thereto. It is apparent that an agreement had been reached prior to the entry of the decree. The custody of Robert Marshall Steed, minor son of the parties, was awarded to the defendant. The decree required plaintiff to pay $50 a week for the support and maintenance of defendant and the minor child for a period of 52 weeks and thereafter the sum of $30 per week, until the said minor child should attain the age of 18 years.

On July 3, 1945, an order was entered amending the decree by requiring plaintiff to pay $50 a week for the support and maintenance of the defendant and the child "until said minor child shall attain the age of 18 years and until the further order of the court * * * all of which payments of permanent alimony shall continue and be subject to any and all further orders of this court."

Robert Marshall Steed, the son, became 18 years of age on June 15, 1954. In anticipation of his arrival at that age, a petition was filed by defendant Rose D. Steed on May 27, 1954, for modification of the decree and a continuation of payments to her for the support of herself. In her petition defendant alleged that for about a year she had been troubled with her eyesight; had been compelled to work; her gross earnings during 1953 had been $1,296.80; that since January 1, 1954 she had worked but little outside the home, and that about the latter part of April, 1954, she was forced to quit work altogether; that plaintiff's income, gross (on July 3, 1945), was about $6,500 a year as vice-president and general manager of radio station WLAV at Grand Rapids.

At the time of the hearing of defendant's petition, plaintiff testified that his earnings were $200 a week gross, $166 a week net.

On the hearing of defendant's petition it was stipulated between the parties that Louis Bozin, O.D., if he testified in the above-entitled cause, would testify (as of May 19, 1954), substantially, as follows:

"Diagnosis for Mrs. Rose Steed is bilateral cataracts, visual acuity is 20/200. Diagnosis has been confirmed by Glenn Pearson, M.D., Ophthalmologist. Surgery is indicated."

It was also stipulated between the parties that Glenn A. Pearson, M.D., if he testified, would testify (as of June 10, 1954), substantially, as follows:

"Concerning our patient, Mrs. Rose D. Steed, I will say that her chief complaint was that her vision had been failing, especially the last month.

"She is wearing a high myopic correction in her lenses. Anterior segment clear and regular. No increase in intra ocular tension. Ophthalmoscopic examination unsatisfactory but under mydriasis we found bilateral cataracts of the nuclear type. As we felt that we could not improve her vision with any glasses she was put on some Dionine drops and sent back to Dr. Bozin who made her up some Rayban colored lenses.

"We cannot state any definite time for operation, for as long as she is able to take care of herself without surgery I do not advise it. If she does have to have surgery the cost will run around $350. Results unknown as cataract surgery is hazardous."

It was stipulated that L. M. McKinlay, M.D., if he testified, would testify (as of June 15, 1954), substantially, as follows:

"Mr. Hy M. Steed [plaintiff] was seen by us in November, 1951, by reason of frequent and painful urination with a decrease in the stream. Examination revealed a firm area in the prostate gland consistent with carcinoma of that structure.

"Treatment was carried out in the office through December, 1951, January, February, and March

1952. Also May 19, August 4, and September 5, 1952. At this time radical perineal prostatectomy was advised, with a price of $500 quoted for the surgery.

"Mr. Steed was last seen by us September 5, 1952 so that we are unable to express an opinion relative to the feasibility of the operation at this time."

Plaintiff's attorney, Mr. Glocheski, stated on the hearing that plaintiff at the present time has a cancerous condition and that it is absolutely necessary that he save up enough money to have the operation performed.

The opinion of the trial judge indicates that he gave careful consideration to the financial and physical circumstances of the parties and his amendatory decree dated September 14, 1954, required plaintiff Howard M. Steed to "pay for support, care and maintenance of defendant (cross plaintiff), Rose D. Steed, as a lump sum, in lieu of all future liability for alimony, the sum of $1,000, the same to be paid at the rate of $10 per week, commencing on Wednesday, September 15, 1954, and continuing on each and every Wednesday thereafter until the said sum shall have been fully paid." The amended decree further required plaintiff Howard M. Steed to "pay the sum of $25 per month for 10 months of each year, such payments to commence on the 15th day of September, 1954, and to continue on the 15th day of each and every month thereafter between September and the following June, inclusive, of each year that Robert Marshall Steed, the minor child of the parties, shall be attending a college or university, until he shall attain the age of 21 years, to aid in the education of the said minor child."

The objective of this appeal as stated by defendant in her brief is:

"This appeal is taken by defendant (cross plaintiff) from the decision of the lower court with respect to the provision for payment of the lump sum of $1,000 (at the rate of $10 per week) in lieu of alimony."

Each divorce case must be adjudicated upon its own merits. No two divorce cases are precisely alike, of all that we have considered.

The trial court in his opinion speaks of *Mulcahy* v. *Mulcahy,* 270 Mich 520, as to amendment of decree as to alimony. Also, see *Lukshaitis* v. *Lukshaitis,* 314 Mich 426; and *Burke* v. *Burke,* 315 Mich 437.

We recognize that the condition of defendant (cross plaintiff) Rose D. Steed will likely be worsened by the time the $1,000 is paid in full, and her necessities then likely will be greater. However, it now seems probable that plaintiff's condition and ability to pay will be lessened and the outcome of his physical ailments is now altogether uncertain. We do not prohibit a reopening of the case after the $1,000 shall be paid in weekly payments as specified in the amended decree of the trial court, but we consider that the amended decree entered by the trial court is as fair an amended decree as the present circumstances and probability of future circumstances, all considered, should be adjudged to require. The amended decree appealed from is affirmed except it shall be amended to authorize an application by either party to alter provisions for support of defendant in view of future change in circumstances of the parties. In view of her circumstances, we do not require the defendant to pay costs.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.