### HOOD *v.* VENABLE, executrix.

ATKINSON, J. 1. Where a suit for permanent alimony was pending, and an application for temporary alimony was included in the petition, and there was also a prayer for custody by the wife of the children, and at the hearing the prayer for the custody of the children was abandoned, and the judge held that, on account of his inability to decide from the evidence the grave question as to misconduct upon the part of the wife, he would leave the entire question of alimony to a jury; and where afterwards the children were permitted by the husband to return upon a visit to the mother under an order of the court directing that they be permitted to visit her for a period of about a week, and the children actually remained with the mother for about four years, the husband making no demand for their return, and making no effort to recover custody of them; and where it appears further that the wife fell into a physical decline and became utterly helpless and unable to provide for herself or the children, who still remained with her, it was competent for the judge, notwithstanding that at first he had decided to refer the

entire question of alimony to a jury,' to reopen the question and modify or change his judgment and allow alimony on a proper showing therefor.
2. There was no abuse of discretion in allowing alimony, or in the amount allowed.                    *Judgment affirmed. All the Justices concur.*
                    JULY 19, 1913.

Temporary alimony. Before Judge Brand. Jackson superior court. April 24, 1912.

*G. A. Johns* and *J. J. Strickland,* for plaintiff in error.

*J. A. B. Mahaffey* and *Shackelford & Shackelford,* contra.