MARGARET BOYCE CARY *vs.* GEORGE STONE CARY.

First Judicial District, Hartford, October Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 10th—decided November 7th, 1930.

*Charles P. Roraback*, for the appellant (petitioner).

*Frank S. Shea*, with whom, on the brief, was *Vincent W. Dennis*, for the appellee (respondent).

WHEELER, C. J.   The trial court concluded that the remarriage of Mrs. Cary did not, upon the facts as found, constitute ground for vacating or modifying the judgment of the Superior Court awarding her alimony.   The appeal is predicated upon the claimed error in this conclusion as well as upon the overruling of the petitioner's claim that the proof of the remarriage of Mrs. Cary was prima facie cause for the court to revoke the award of alimony to her.

Alimony is the creature of statute. General Statutes, § 5182, in force at the time this petition was brought and judgment rendered thereon, provided: "The Superior Court may assign to any woman divorced by such court a part of the estate of her husband and, in addition thereto, or in lieu thereof, may order alimony to be paid from the husband's income," etc. In a strongly argued memorandum of decision the court denied the petition to vacate or modify the judgment for alimony upon the ground that under our statute alimony is not awarded the wife as support of which she is deprived by the acts of a husband, but is assigned as a part of the estate of her husband and in addition thereto, or in lieu thereof, the court may order alimony to be paid from her husband's estate. The judgment which the petitioner seeks to modify was the award as alimony of a specific sum to be paid from the husband's income, specified to be a reasonable portion of the petitioner's estate.

In *Scott* v. *Scott*, 83 Conn. 634, at page 639, 78 Atl. 314, we said: "The court did not, under the provisions of this statute [Revision of 1902, § 4556], make an allowance to the plaintiff in this case as a debt due to the wife, or as damages to be paid to her by her husband on their divorce, but as a part or proportion of his estate, fixed by the court in its discretion and appropriated to her, and to which she thereunder became legally entitled. . . . In other words, that which was determined by the judgment in the divorce case was an allowance out of the estate of the husband made for the support to which the wife was entitled, and of which she had been deprived through the husband's default in the performance of the marriage contract."

We quote a part of a sentence in *Wright* v. *Wright*, 93 Conn. 296, 301, 105 Atl. 684, descriptive of alimony

when we say of the liability for alimony: "It is based upon the duty of the husband to continue to support a wife whom he has in legal effect abandoned. It defines that duty in terms of money, or property, and decrees specific performance of it; and the State itself has a social and financial interest in the performance of that duty." These decisions are in conflict with the major premise of the trial court's memorandum of decision. Among the circumstances to be considered in awarding alimony are, "the estate of the husband, his income, his age, health, and earning capacity; the age, health, station, and separate estate of the wife." *Olmstead* v. *Olmstead,* 85 Conn. 478, 480, 83 Atl. 628; *Stapleberg* v. *Stapleberg,* 77 Conn. 31, 38, 58 Atl. 233. Some of these circumstances clearly point to support as the basis for alimony. The common-law obligation of the husband to give support to his wife is the foundation upon which alimony in this State rests.

The trial court also relied upon the terms of the statute that in lieu of the assignment of a part of the estate of the husband the court may order alimony to be paid from his income. Since the assignment of a part of the estate of the husband as alimony became the absolute property of the wife the court held that the payment from the income of a specific amount per month in lieu of the part of the estate in like manner became the absolute property of the wife. "Why," the court says, "should she not have in toto that which was awarded to her 'in lieu thereof'?" If the alimony decreed was in lieu of dower, or in settlement of property rights acquired by her the authorities hold that the alimony is not affected by the wife's remarriage. Annotations in 30 A. L. R. 89, and 64 A. L. R. 1277.

But alimony of a sum to be paid periodically in lieu

of the assignment of a part of the estate of the husband does not fall within this rule and the reasons which support the rule do not apply. Alimony of a specific part of the estate, or of a specific sum of money, when transferred to the wife passes out of the control of the court making the award. It would have no power of control over the estate or funds so transferred which would enable it to order their retransfer in the absence of statutory authority. It would have no power to control the payment which had been made to the wife from the income. Whether the court, in the reasonable exercise of its equitable powers, would have authority to vacate or modify the alimony awarded the wife because the decree is a continuing one we need not determine. Our statute, General Statutes, § 5182, specifically authorizes the court rendering the judgment to at any time thereafter set aside or alter "any order for the payment of alimony from income." The power of the trial court to vacate or modify the judgment of alimony from the income of the petitioner in a proper case is fully authorized by this statute.

Alimony is awarded the wife divorced for the fault of her husband that he may continue to fulfil the obligation for her support which the law imposed upon him in virtue of the marriage contract. By her remarriage she obtains from the second husband a like legal obligation to support her. Nelson on Divorce & Separation, § 933, points out that there are two theories, the first holding that where the alimony becomes her absolute property she may continue to hold this after her second marriage. But where the alimony is from the income of the husband at stated periods it is regarded "as a continuance of the obligation to support" and the remarriage will furnish the basis for vacating the award, or, as some authorities hold, for

vacating or modifying it. Reason requires us to hold that the remarriage of the wife should relieve the husband from the obligation of supporting the wife of another man. To permit her to have alimony from the first husband as an equivalent for her support after she had secured the legal obligation from the second husband to support her would give her support from her present and her former husband, and for each subsequent divorce for the husband's fault she might again be awarded alimony for her support. The legislative intent never could have contemplated such a situation. It would offend public policy and good morals. It is so illogical and unreasonable that a court of equity should not tolerate it. Well has it been characterized as legally and socially unseemly. Two husbands should not be liable for the obligation of support for a woman who is the divorced spouse of one and the wife of the other. *Emerson* v. *Emerson*, 120 Md. 584, 595, 596, 87 Atl. 1033; *Stillman* v. *Stillman,* 99 Ill. 196; Annotations in 30 A. L. R. 89, and 64 A. L. R. 1277.

The majority of the cases support the rule that the alimony may continue provided the support furnished the wife by her second husband is inadequate. These cases will be found in the Annotations in 30 A. L. R. 89 and 64 A. L. R. 1277. This rule imposes upon the court the difficult decision of ascertaining the actual financial standing of the second husband and balancing this in connection with the wife's income and the first husband's financial standing—a decision which it should not be required to make.

The better rule which we adopt, save in the most exceptional circumstances, draws from the voluntary action of the wife in remarrying the inference that she has elected to obtain her support from her second husband and has thereby abandoned the provision

made for her support by the court in its award of alimony. In *Stillman* v. *Stillman*, 99 Ill. 196, 204, the Supreme Court of Illinois holds: "The divorced wife abandons the provision made for her support out of the estate of her former husband by the decree of the court, for that adequate support which she contracts for by her subsequent marriage. It is a matter that affects her own happiness, and about which she is perfectly free and competent to make a choice. Whether she acts wisely in her election, or whether in every instance she obtains as good or as adequate a support by her marriage as that which she abandoned, are questions about which courts can have no concern. It is a matter of her own voluntary election." In *Emerson* v. *Emerson*, 120 Md. 584, 596, 87 Atl. 1033, it is said: "Altogether the better reasoning leads to the conclusion that, as a general rule, as the new husband is obliged to give entire support, therefore, the former husband is to be thus relieved. But there may exist facts and conditions that would induce the court to withhold this relief." See also 1 R. C. L. p. 950. The judgment for alimony must stand until it is judicially modified or vacated. *Nelson* v. *Nelson*, 282 Mo. 412, 221 S. W. 1066; *Hartigan* v. *Hartigan*, 145 Minn. 27, 176 N. W. 180; *Myers* v. *Myers*, 62 Utah, 90, 218 Pac. 123. It is possible that cases may arise where the court would not hold that the wife by remarriage had abandoned her right to support from her first husband, but cases will be exceptional and rare which will admit of a variance from the ordinary rule. The burden of removing the case from the operation of the ordinary rule will be upon the wife after the proof of the remarriage has been made. So far as the record discloses no offer of evidence was made which would take this case out of the operation of the ordinary rule.

There is error, the judgment is reversed and the cause remanded to the Superior Court with direction to enter its judgment in favor of the petitioner.

In this opinion the other judges concurred.