EDDY v. EDDY.

1. DIVORCE—ALIMONY—DOWER—AGREEMENT OF PARTIES.
   Where agreement between husband and wife designated monthly allowance to be paid to wife as alimony, and divorce decree followed agreement as to amount, allowance was in fact alimony, although decree recited that it was in lieu of dower.

2. SAME—MODIFICATION OF DECREE—STATUTES.
   Court, in adjudging alimony, could employ agreement of parties, and later, under power reserved by statute, modify decree to comport with change in circumstances of parties; and it was not necessary to state reservation of power of modification in decree (3 Comp. Laws 1929, § 12748):

3. SAME—CONSTITUTIONAL LAW—IMPAIRMENT OF CONTRACTS.
   Where, pending divorce suit, agreement was made between husband and wife as to amount of monthly allowance to be paid her as alimony, and divorce decree followed said agreement, modification of said amount by court was no violation of constitutional mandate against impairment of obligations of contracts, since decree obligated husband, and decree is subject to modification (3 Comp. Laws 1929, § 12748).

4. SAME—CHANGED CONDITIONS—MODIFICATION OF DECREE.
   That divorced husband has remarried and has wife and baby to
   support does not entitle him to modification of divorce decree
   requiring him to pay $105 per month to his former wife, but,
   in view of reduction in his salary, action of court below
   reducing said amount to $90 per month is affirmed, on appeal.

Appeal from Allegan; Miles (Fred T.), J.   Submitted June 7, 1933.   (Docket No. 39, Calendar No. 37,241.)   Decided August 29, 1933.

Divorce proceedings between Gladys McDonald Eddy and Charles Franklin Eddy.   On defendant's petition for reduction of monthly allowance to plaintiff.   From decree rendered, both parties appeal.   Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for plaintiff.

*Perle L. Fouch,* for defendant.

WIEST, J.   The parties to this suit were divorced in June, 1929.   The decree followed an agreement of the parties and ordered defendant to assign to plaintiff a policy of insurance and pay her $105 per month as long as she remained unmarried, and recited the provision to be in lieu of dower.   Defendant was and is now an officer in the U. S. army, has remarried, has a wife and baby to support, and, in October, 1932, he filed a petition to have the monthly allowance reduced on account of his inability to pay by reason of reduction in salary, new family obligations, and debts.   The court reduced the allowance to $90 per month, and both parties have appealed.

Plaintiff contends that the allowance, being in accord with the agreement of the parties and not

specified as alimony in the decree but in lieu of dower, and no fraud being claimed, the court was without power to make any change, and the modification violates the constitutional provision against impairment of obligations of contracts.

Defendant had no real estate. The agreement designated the monthly payments to be alimony. The monthly allowance was in fact alimony. The court, in adjudging alimony, could employ the agreement, and later, under power reserved by statute, modify the decree to comport with change in circumstances of the parties. 3 Comp. Laws 1929, § 12748.

As said in *Camp* v. *Camp*, 158 Mich. 221:

"It is immaterial whether the decree for alimony and the support of children is incorporated in the decree by the consent of the parties, or by a determination of the court. When once incorporated in the decree the court obtains jurisdiction to revise it at any time thereafter."

See, also, *Aldrich* v. *Aldrich*, 166 Mich. 248; *Kelly* v. *Kelly*, 194 Mich. 94; *Skinner* v. *Skinner*, 205 Mich. 243; *Davis* v. *Davis*, 262 Mich. 391.

It was not necessary to state reservation of the power of modification in the decree. Exercise of the power was no violation of the mandate against impairment of obligations of contracts. The *decree* obligated defendant, and the decree was subject to modification.

Defendant seeks further reduction. This we cannot grant. Defendant's present circumstances are of his own making in face of the original decree, except as to the reduction in his salary, and he still receives a salary of $422.12 per month.

He. claims that his present indebtedness amounts to fifty-five or more hundred dollars, all of which he borrowed and used in paying the alimony of $105 per month, and claims that he is not able to live as his army position requires and pay $105 per month.

The decree is affirmed, with costs to plaintiff.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. CLARK, J., did not sit.