BRASSERT *v.* BRASSERT.

1. DIVORCE—ALIMONY—MODIFICATION OF DECREE.
    Power of court to alter decree respecting alimony may be exercised to comport with change in circumstances of the parties (3 Comp. Laws 1929, § 12748).

2. SAME—REDUCTION IN ALLOWANCES FOR CHILDREN.
    Provisions as to alimony in decree, made pursuant to property settlement agreement when husband had $400 monthly income, which gave wife $80 monthly and $40 monthly for each of two children until they should reach 21 years of age, modified to eliminate allowance to one child now over 21 and reduce allow-

ance to other child to $10 monthly is affirmed on appeal, where husband's income has been reduced to $200 monthly and child is healthy, although child's musical education may not be continued.

3. SAME — WIFE IN FOREIGN COUNTRY — DECREASE IN VALUE OF AMERICAN DOLLAR.

Decrease in value of American dollar in foreign country in which wife chooses to live does not entitle her to recompense therefor from former husband by way of increased alimony.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 9, 1934. (Docket No. 130, Calendar No. 38,046.) Decided December 10, 1934.

Divorce proceedings between Walter O. Brassert and Hedwig Brassert. On plaintiff's petition for reduction of monthly allowance to defendant. From decree as modified, defendant appeals. Affirmed.

*Adams, Van Horn & Bloem,* for defendant.

NELSON SHARPE, C. J. On August 1, 1923, a decree of divorce was granted to the plaintiff, then a resident of the city of Kalamazoo, from the defendant, who was then living in Switzerland, on the ground of extreme cruelty. She was given the custody of their son and daughter, who were then living with her. The decree provided that the plaintiff should pay to her the sum of $80 per month for her support and maintenance and $40 per month for the support of each of the children until they arrived at the age of 21 years respectively. It appears that these provisions were inserted in the decree in conformity with a property settlement made between the parties.

On October 12, 1933, the plaintiff filed a petition to modify the decree in respect to the payments to be made by him. He averred therein that he had

kept up such payments until that time, but was financially unable to longer do so, and prayed for a reduction thereof. The defendant filed an answer thereto, denying that plaintiff was entitled to the relief sought.

A hearing was had and proofs submitted, after which the trial court entered a decree modifying the former one by providing that the plaintiff from and after December 1, 1933, pay to the defendant the sum of $75 per month up to and including November 17, 1934, and thereafter $80 per month. It also provided that after December 1, 1933, the payment for the support of the daughter be reduced to the sum of $10 per month. She had then reached the age of 16 years. It appeared that the son in the meantime had reached the age of 21 years and had returned to the home of his father, who was then living in Bloomfield, Indiana. The defendant has appealed therefrom.

The plaintiff is now 50 years of age, and has remarried. The defendant is about the same age. He testified that his income in 1923 was about $400 per month, and that, owing to the depression, it is now about $200 per month; that his present wife has some income of her own, and uses it in their support. When the son returned to this country he had no knowledge of the English language, and the plaintiff is supporting him at the University of Michigan, where he is learning our language and fitting himself for earning a livelihood. His expense incident thereto is about $800 per year. In vacation time the son works on a farm of one of the relatives of plaintiff's wife and earns his living in that way. Plaintiff is carrying a considerable amount of life insurance, a part of which will inure to the benefit of his former wife by his will.

By stipulation an affidavit of the defendant was submitted in evidence. She stated therein that she was suffering from a nervous disease and unable to work; that in 1923 the American dollar was worth 5.72 Swiss francs, and that on March 16, 1934, when the affidavit was made, it was worth but 3.30 francs; that the cost of living has increased since 1923; that she has had to accept charity from relatives and friends in order to maintain a home for herself and her daughter, and that her daughter had been compelled to quit the musical school she had been attending because she could no longer pay the fees therefor.

The plaintiff was examined at length as to his financial condition. When the decree was granted, he was the manager of a prosperous business in the city of Kalamazoo. He now has charge of a business in Bloomfield which is not at all prosperous. The money to be paid to the defendant, as fixed in their agreement and incorporated into the decree, was based upon his then ability to pay.

Counsel for the defendant do not question the power of the court to modify the decree. It is provided for in 3 Comp. Laws 1929, § 12748, and may be exercised "to comport with change in circumstances of the parties." *Eddy* v. *Eddy,* 264 Mich. 328, and cases cited therein. The change as affecting the defendant personally terminated on November 17th of this year. Thereafter she will receive the monthly allowance given her in the decree. The loss to her in this respect has been more than made up to her by the allowance of the fee to her attorney on the hearing of the petition.

The more serious question is the reduction in the amount allowed for the maintenance of her daughter from $40 to $10 per month. While the defendant is

not in good health, it appears that the daughter is. It is unfortunate if she will not be permitted to continue with her musical studies. But, if the net income of the plaintiff at the time of the hearing as disclosed by the record was but $200 per month, it does seem that there was no unfairness in the order modifying the decree in providing that the defendant was not entitled to more than $90 of it. She selected a foreign country as her place of residence, and the fact that the American dollar has there decreased in value, while to be regretted, does not under the circumstances entitle her to be recompensed therefor.

The decree as modified by the circuit court is affirmed. No costs will be allowed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.