Evelyn Dutton Lilley *v.* Theodore Lilley.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued March 7—decided April 5, 1939.

*J. Gregory Lynch,* for the appellant (plaintiff).

*Terence F. Carmody,* for the appellee (defendant).

HINMAN, J. The plaintiff brought an action for divorce against the defendant in May, 1923. During its pendency the parties, through their attorneys, entered into a written stipulation requesting that if a judgment be rendered in favor of the plaintiff certain specified provisions concerning alimony and custody of the three minor daughters be incorporated therein. A decree was eventually granted and provisions substantially according with the stipulation were embodied therein. These included that the plaintiff should have the care, custody, and education of the children, subject to certain rights in and duties of the defendant; that the defendant, in addition to a specified lump sum, payable in instalments to the plaintiff and occupancy by her of the family homestead in Waterbury, should pay her monthly alimony of $600, except that for each child that marries or dies $100 per month should be deducted thereafter, and when any of the children becomes self-supporting the amount of her earnings for each month up to $100 should be deducted; that if the plaintiff remarries a reduction of $300 per month is to be made; and that after the decease of the defendant the plaintiff be paid $400 per month until her decease or remarriage.

The eldest daughter is now twenty-four years old and married; the second one is twenty-one but unmarried, and is unemployed; the youngest is still a minor and in school. The defendant has made the monthly payments, which by the terms of the judgment were reduced by $100 upon the marriage of the eldest daughter. In 1938 the defendant filed a motion that the judgment be amended, the cause relied upon, alleged by amendment to the motion, being a desire "to obtain and exercise a more effective control and direction" of the two younger daughters. After hearing, the trial court ordered an amendment of the judg-

ment whereby as each of these children becomes twenty-one years of age a reduction of $100 per month from the plaintiff's alimony allowance should become effective; also that the defendant pay the plaintiff $25 per month for wearing apparel for the youngest daughter during her minority. From this order the plaintiff appeals.

Numerous corrections of the finding are sought, but it is sufficient for present purposes to say that, notwithstanding such changes therein as may properly be made, the facts warrant the conclusions stating that it is for the best interests of the two single daughters that each of them obtain remunerative employment as soon as reasonably possible after coming of age or completing her education, and that the defendant have and exercise more control over them than he has been able to under present conditions; also that the provision in the divorce decree for reduction of plaintiff's monthly alimony by the amount of earnings up to $100 per month has deterred the older daughter from making bona fide effort to obtain employment and is likely to similarly affect the attitude of the other. It is also found that the defendant made in good faith, and is able and intends to carry out, an offer that if the requested reduction be granted he will take full responsibility for the care, maintenance and education of the two daughters after they become of age, will not prevent them from living with the plaintiff and if they do will give each an allowance from which they may pay board.

Section 5182 of the General Statutes provides that "any order for the payment of alimony from income may, at any time thereafter, be set aside or altered by [the] court." The plaintiff claims, however, that modification in amount of alimony may be made only upon proof of a substantial change in the financial situ-

ation of one or both parties, or of misconduct on the part of the plaintiff, neither of which is relied on here, and that therefore the above mentioned conclusions are insufficient to support the order appealed from. While undoubtedly the usual grounds upon which modifications are made is one of the foregoing, they are not exclusive, especially where, as is manifest in the present instance, the prescribed periodical payments are in part for the benefit of children, as well as of the wife. In such cases the death or a material change in the needs of a child is recognized as a cause for modification. *Buckminster* v. *Buckminster,* 38 Vt. 248, 252; *Gehlbach* v. *Gehlbach,* 219 Ill. App. 503; *Hood* v. *Venable,* 140 Ga. 363, 178 S. E. 1078; *Thurston* v. *Thurston,* 38 Ill. App. 464; 19 C. J. 275. Logically such alteration in a financial provision for children as is found to be conducive to their welfare, as by affording more effectual control and guidance, should be equally available. The facts in the special finding supplementing the order, as well as the finding on this appeal, are adequate to support the modification which was made.

The plaintiff contends, also, that the fact that the terms of the decree pertaining to alimony were based upon and accorded with those stipulated by the parties precludes subsequent modification of them by the court. There has been conflict of authority as to whether a decree for alimony based on contract may be modified subsequently by the court entering the decree. Keezer, Marriage & Divorce, § 766; 2 Schouler, Marriage, Divorce & Separation (6th Ed.) § 1829; 17 Am. Jur. 495, § 649; Notes, 58 A. L. R. 639, 109 A. L. R. 1068; *Shoop* v. *Shoop,* 58 S. D. 593, 600, 237 N. W. 904; *Wilson* v. *Wilson,* 186 Ark. 415, 53 S. W. (2d) 990; *Eddy* v. *Eddy,* 264 Mich. 328, 330, 249 N. W. 868; *Herrick* v. *Herrick,* 319 Ill. 146, 150, 149 N. E. 820;

*Maginnis* v. *Maginnis*, 323 Ill. 113, 118, 153 N. E. 654; *LeBeau* v. *LeBeau*, 80 N. H. 139, 114 Atl. 28; *Gloth* v. *Gloth*, 154 Va. 511, 548, 550, 153 S. E. 879, 71 A. L. R. 700. However, where there is not a contract settling the property rights of the parties which is approved and confirmed by the court, but, as here, merely a stipulation requesting that certain provisions be incorporated in a judgment, clearly the judgment is open to subsequent modification. Such stipulations "become merged in the judgment when entered, and are not, in the absence of statute upon the subject, so far of a contractual nature as to preclude a court subsequently from changing and modifying the judgment upon application of one of the parties. The court is not controlled by the stipulation, and may adopt or reject it as seems consistent and proper from the situation of the parties, as disclosed by the evidence on the trial." *Warren* v. *Warren*, 116 Minn. 458, 459, 133 N. W. 1009, quoted in *Douglas* v. *Willcuts* (1935) 296 U. S. 1, 7, 56 Sup. Ct. 59; *Southworth* v. *Treadwell*, 168 Mass. 511, 47 N. E. 93; *Eddy* v. *Eddy*, supra.

The provisions of the judgment which have been modified clearly are by way of alimony and allowance for support of children; the further provision that after the decease of the defendant, the plaintiff shall be paid $400 per month until her decease or remarriage is distinct and separable, which distinguishes this case from *Dickey* v. *Dickey*, 154 Md. 675, 141 Atl. 387, 58 A. L. R. 634, cited by the plaintiff. In that case an agreement of the parties, incorporated in the decree, provided for payment by the defendant to the complainant, wife, a stated sum weekly from the date of the decree until her death or remarriage, and it was held (p. 678) that the allowance, not being limited

to the joint lives of the parties, was not alimony and so was not subject to subsequent modification as such.

There is no error.

In this opinion the other judges concurred.