DOROTHY PRENTICE GROBSTEIN v. JOHN J. GROBSTEIN

SUPERIOR COURT · HARTFORD COUNTY · FILE No. 57104

Memorandum filed November 8, 1946.

*Kirkham, Cooper, Hungerford & Camp,* of New Britain, for the Plaintiff.

*Yale Sable,* of New Britain, for the Defendant.

CORNELL, J. The decree in this case, entered on February 18, 1938, and awarding custody of four minor children to plaintiff, provided that the defendant should pay to her as alimony and for their support, the sum of $100 per month.

The instant motion recites that the plaintiff and defendant thereafter "entered into an agreement for a lump sum settle' ment of the claim of plaintiff for support and alimony, under date of February 15, 1945 in accordance with the terms of which the defendant paid plaintiff the sum of $2000 in cash and gave her a note for a further sum of $1000 payable in monthly payments of $50 each," which note as of the date of this motion (October 7, 1946) has been paid in full. It is rep' resented "that the children are now nearly self'supporting and plaintiff is gainfully employed and does not need any further alimony."

It does not appear that this court modified its decree to com' ply with the agreement made by the parties. It was, of course, impossible for the parties to do so by reason of any agreement made by them. Under the circumstances the purpose of the instant motion is to absolve defendant from any further liability under the terms of an understanding which form no part of any decree or order made by this court. The arrangement was extrajudicial and the court can take no cognizance of it and so cannot give any relief in connection with it. See discussion in *Lilley* v. *Lilley*, 125 Conn. 339, and in *Jennings* v. *Jennings*, 11 Conn. Sup. 391. No decrees concerning alimony, support or custody of children in an action for divorce can be vacated or modified by the mere act of the parties, but only upon ap' plication duly made to this court and then only upon considera' tion warranting such action. See *Lilley* v. *Lilley*, supra and *Jennings* v. *Jennings*, supra.

Motion denied.