[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION TO HOLD DEFENDANT IN CONTEMPT (#116)
The parties' marriage was dissolved by decree entered October 31, 1986 which ordered the defendant to pay $50 weekly child support for each of their three children.
On December 23, 1988 the parties signed a writing they prepared without legal help wherein the plaintiff accepted $2,000 lump sum "to null and void child support. . ." (Plaintiff's Exhibit A). The defendant made the payment and stopped paying child support. Neither party moved to modify the judgment. The court ordered unpaid child support totaled $31,150 as of April 1, 1993.
The general rule governing acts of parties that attempt to modify court orders is:
 "Decrees in a dissolution action cannot be modified by acts of the parties without further decree or order of the court. Grobstein v. Grobstein, 14 Conn. Sup. 378, 379
(1946)."
as cited with approval in Albrecht v. Albrecht, 19 Conn. App. 146,151.
As defenses the defendant pleads equitable estoppel, laches, and waiver. The fatal flaw in all defenses is that the parties cannot contract away, waive or impair their children's independent right to support owed by each parent according to ability to contribute, Burke v. Burke, 137 Conn. 74, 80 (1950). The defendant's defenses apply to agreements, but not to court orders for child support absent change of actual custody. The case cited involving alimony is not in point, Raymond v. Raymond,6 Conn. L. Rptr. 1, 15. CT Page 5997
The case of O'Connor v. O'Connor, 6 Conn. L.RPTR No. 19, 575 involved a physical change of residence by one of the children, the court finding the child support order no longer appropriate. A similar change of residence occurred in Kellogg v. Kellogg,7 CSCR 55 (1-13-92).
The $2,000 paid to the plaintiff by the defendant represented13-1/3 weeks of child support and, on analysis as an agreement without reference to the court order, is insufficient legal consideration and cannot trigger any defense to the claim for unpaid child support. The plaintiff claimed she was threatened by the defendant. He claimed she solicited the lump sum in order to buy an auto. The agreement did not address the needs of the children and is unenforceable, Burke, supra.
The court finds no willful contempt by the defendant but does find that the defendant has accummulated [accumulated] an arrears owed to the plaintiff of $31,150 as of April 1, 1993.
The plaintiff is directed to reclaim the remaining motions for further hearing.
HARRIGAN, J.