[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue here is whether the court should grant the defendant's motion to modify an alimony decree.
It is found that the court should deny the defendant's motion to modify the alimony decree because lump sum alimony payments are not modifiable.
On January 9, 1991, the plaintiff, Lorri Hartung, filed a complaint claiming, inter alia, dissolution of her marriage to defendant, Robert Hartung, and alimony payments.
On June 5, 1992, the court (Mihalakos, J.) entered judgment dissolving the Hartungs' marriage. Regarding alimony, the court stated that "the husband shall pay the wife lump sum alimony in the amount of $20,000.00. Said amount shall be paid at the rate of $100.00 per week until it is paid in full . . . . said lump sum alimony is not to be modified . . . ."
On February 22, 1993, the defendant filed a motion to modify the alimony decree on the grounds that there has been a substantial change in circumstances. The defendant has not filed a memorandum of law in support of his motion. On April 6, 1993, the plaintiff filed a memorandum of law in opposition to the defendant's motion.
"Periodic alimony or alimony in general is, `[a]n award of alimony to be satisfied by periodic payments of a definite sum for the indefinite future.'" Horan v. Horan, No. 65729 (January 28, 1993, Spallone, J., State Trial Referee), quoting 24 Am.Jur.2d, Div. S. Sec. 614. "On the other hand, alimony in gross or lump sum alimony is `[a]n award of alimony in one definite sum, whether payable in installments or one payment.'" Id.
"Whether an award of alimony is subject to modification depends upon its nature. `Alimony consisting of a specific . . . sum of money . . . is a final judgment which the court CT Page 7518 cannot modify even should there be a change of circumstance.'" Turgeon v. Turgeon, 190 Conn. 269, 282,460 A.2d 1260 (1983), quoting Viglione v. Viglione, 171 Conn. 213,215, 368 A.2d 202 (1976).
The applicable statute to modify alimony is General Statutes, Sec. 46b-86 which provides, in pertinent part:
 (a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . . This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law.
The plaintiff, in her memorandum of law in opposition to the defendant's motion to modify, argues that General Statutes, Sec. 46b-86 allows modification only to the extent it is not precluded by the decree, and since the decree states that the lump sum alimony is not to be modified, the defendant's motion must be denied.
The alimony agreement in this case must be categorized as lump sum alimony, i.e., a definite sum of $20,000 payable in installments of $100 per week.
In addition, lump sum alimony falls outside the purview of General Statutes, Sec. 46b-86, as the statute by its own terms is limited to periodic payment of alimony.
Based on the judge's decree that the lump sum alimony payment not be modified, and the language of the statute, it is found that the defendant's motion is denied.
McGrath, J.