[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 10, 1997
This motion raises the issue of whether a defendant ex-husband can be obligated to pay alimony after the remarriage of his former wife, the plaintiff. The defendant, alleging a substantial change of circumstances, filed a motion for modification dated March 18, 1996 requesting the termination of the $25 per week periodic alimony and the health insurance orders of the December 2, 1994 decree. The plaintiff remarried on August 20, 1995. The 1994 alimony order did not contain provisions for termination upon the wife's remarriage. Neither party referred the court to any cases nor filed any memorandum of law.
This decision reconfirms Connecticut case law, in that unless provided in the decree, the remarriage of the payee spouse does not automatically terminate alimony. This is Connecticut law despite a common acceptance by the divorcing public and a majority of the bar that remarriage automatically terminates periodic alimony. CT Page 2213
FACTS
The plaintiff wife and the defendant husband were married on May 6, 1989. There was one minor child, issue of the marriage. A dissolution of marriage action was filed by the plaintiff who was represented by counsel. On November 21, 1994 the court entered weekly pendente lite orders of $125 child support and $25 alimony. The defendant failed to appear at the pendente lite hearing. He did not provide financial affidavits at either the pendente lite hearing or at the final hearing.
The defendant was defaulted for failure to appear. An uncontested dissolution trial was held on December 2, 1994. Only the plaintiff appeared at trial and offered evidence. The court dissolved the marriage and assigned custody of the minor child to the plaintiff, subject to the right of reasonable visitation in the defendant. The plaintiff's maiden name was restored to her.
The court then proceeded to enter the following financial orders: "And that the defendant pay to the plaintiff $25.00 per week as alimony, and One Hundred Nine ($109.00) dollars per week for the support of the minor child along with health insurance available through the defendant's employment. These orders are made without prejudice." The judgment file was prepared by plaintiffs counsel using PB Form 507.2. This court notes that this printed form judgment file does not contain sufficient space in the alimony section to insert language terminating alimony upon the happening of certain events. The form itself contains no such printed conditions. The judgment file contained no conditions concerning the alimony order.
The defendant first appeared in March 1996 and through counsel filed the instant motion for modification. An order to show cause was entered returnable to the court on July 22, 1996. The motion for modification and the order to show cause were served pursuant to Connecticut General Statutes § 52-50 on June 26, 1996.
DISCUSSION OF LAW
Connecticut General Statutes § 46b-82 set forth the factors that the trial court must consider in awarding periodic alimony. "At the time of entering the decree, the Superior Court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81." CT Page 2214
There are no statutory conditions automatically limiting the payment of periodic alimony. This court acknowledges that most orders of periodic alimony either by written agreement, oral agreement or decree of the court after a contested hearing contain three conditions; the alimony will terminate upon (1) the death of the wife, (2) the death of the husband or (3) the wife's remarriage, whichever event first occurs. None of these conditions are contained in our statutes.
There is a fourth modification condition which is established by statute commonly known as "cohabitation." This permits the modification of periodic alimony "upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."Section 46b-86 (b).
The statutory authority to modify alimony is contained inC.G.S. § 46b-86a which states: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate."
Therefore, there is statutory authority for the court to modify a permanent order of alimony only upon a finding of a "substantial change in the circumstances" or upon the cohabitation conditions of § 46b-86 (b). In addition, the court cannot exercise its modification authority if the decree precludes modification. This preclusion can be found in the decree by way of the parties' written agreement, oral agreement or a trial court decision.
There is no bright line rule that states that an order of unconditional periodic alimony terminates upon the recipient's remarriage. In 1930 the Supreme Court discussed this subject in CT Page 2215Cary v. Cary, 112 Conn. 256 (1930). There is an inference that upon remarriage a spouse "has elected to obtain her support from her second husband and has thereby abandoned the provision made for her support by the court in its award of alimony." Cary v.Cary, supra 261-62.
 "Altogether the better reasoning leads to the conclusion that, as a general rule, as the new husband is obliged to give entire support, therefore, the former husband is to be thus relieved. But there may exist facts and conditions that would induce the court to withhold this relief. See also 1 R.C.L. p. 950. The judgment for alimony must stand until it is judicially modified or vacated. Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066: Hartigan v. Hartigan, 145 Minn. 27, 176 N.W. 180; Myers v. Myers, 62 Utah, 90, 218 P. 123. It is possible that cases may arise where the court would not hold that the wife by remarriage had abandoned her right to support from her first husband, but cases will be exceptional and rare which will admit of a variance from the ordinary rule. The burden of removing the case from the operation of the ordinary rule will be upon the wife after the proof of the remarriage has been made. So far as the record discloses no offer of evidence was made which would take this case out of the operation of the ordinary rule." Cary v. Cars, supra 262.
This "inference" does not result in an automatic termination of alimony.
The subject was again examined by the Supreme Court inLasprogato v. Lasprogato, 127 Conn. 510 (1941). An April 1938 decree awarded alimony at the rate of $25 per week for six years. The wife remarried in November 1938. The decree was silent as to whether the periodic alimony terminated automatically on the wife's remarriage. Citing Cary v. Cary and the statutes providing for modification of alimony, the court held that where the decree is silent on termination of alimony on remarriage, a hearing must be held on statutory modification issues.
In a non family matter, the Supreme Court noted in 1960, that death does not automatically terminate the obligation of the decedent's estate to pay alimony unless the decree so CT Page 2216 specifically provides. Harrison v. Union New Haven Trust Co.,147 Conn. 435, 440 (1960). Harrison involved a claim brought against the decedent's estate claiming damages for unpaid alimony accruing after the ex-husband's death. No modification of the alimony was ordered by a court prior to his death. The decree provided that the decedent "pay to the plaintiff from his income the sum of $15 per week during her life as alimony for the plaintiff and support for the child." The wife sought an order that a fund be set up from the proceeds of the decedent's estate to pay for future alimony and support. The court held that the alimony was to terminate automatically on the husband's death since the award contained the phrase "from his income." Finding that the decedent's income ceased on his death, the alimony payments automatically terminated, not by law, but by a specific condition contained in the decree.
Harrison cited the Cary v. Cary rule. This rule has been cited with approval in Viglione v. Viglione, 171 Conn. 213, 217
(1976), and Kaplan v. Kaplan, 185 Conn. 42, 47 fn. 3 (1981).
A slightly different view was stated by the Supreme Court inPulvermacher v. Pulvermacher, 166 Conn. 380 (1974). "The obligation of a husband to pay alimony ceases with the remarriage of the wife unless there is a showing of exceptional circumstances by the wife." Pulvermacher v. Pulvermacher, supra
384. The decree stated that the alimony "payments are to continue without any dimunition whether or not the defendant remarries." The defendant offered no evidence at the hearing on his motion for modification and made no claim of a change of circumstances other than to recite the plaintiff's remarriage. The modification was denied. Pulvermacher understood the requirement of a hearing prior to termination and cited Lasprogato v. Lasprogato, which so holds.
The nonmodifiability provision of the alimony modification statute has been discussed on a number of occasions.
 "C.G.S. § 46b-86 (a) clearly permits the trial court to make periodic awards of alimony nonmodifiable. Provisions for nonmodification are generally not favored, but to be upheld they must be clear and unambiguous. Calorossi v. Calorossi, 4 Conn. App. 165, 168, 493 A.2d 259 (1985): Bronson v. Bronson, 1 Conn. App. 337, 379, 471 A.2d 977 (1984). If the decree is meant to be nonmodifiable, it must contain CT Page 2217 language to that effect. Cummock v. Cummock. 180 Conn. 218, 222-23, 429 A.2d 474 (1980); Lilley v. Lilley, 6 Conn. App. 253, 256, 504 A.2d 563
(1986)." Burns v. Burns, 41 Conn. App. 716, 724
(1996).
C.G.S. Section 46b-86 (a) was in effect at the time of the December 2, 1994 decree. The decree in this case does not comply with the "clear and unambiguous" nonmodifiability standards.
The Appellate Court has approved court decrees awarding nonmodifiable alimony awards even in the absence of the agreement of the parties. "Since the court has the statutory right to award nonmodifiable alimony and the equitable power to meet the ends of justice — in this case, by ordering that alimony not be modifiable, even if the plaintiff remarries or cohabits — we cannot hold this order to be improper as a matter of law." Vandalv. Vandal, 31 Conn. App. 561, 565 (1993). The record for such a nonmodifiable award must contain the basis for the award. Burnsv. Burns, supra 726. "For example, in Vandal v. Vandal, supra31 Conn. App. 564-65, this court upheld a twenty-year alimony schedule that would continue even if the recipient remarried, on the basis that the payor was not immediately able to pay a sufficient amount and the full term of payments was required to pay the recipient that to which she was entitled." Burns v.Burns, supra 726.
"The goal of an award that does not terminate, but may be modified upon remarriage, cohabitation or retirement, is evident. This type of award recognizes that the need for support does not automatically terminate with remarriage, cohabitation or retirement. While the award may not terminate, the decree in this case allows for modification upon any of these events. Therefore, it is possible that a trial court hearing a motion for modification could reduce the award to $1 per year on the occurrence of remarriage, cohabitation or retirement if warranted. The effect of the nontermination provision gives a trial court the flexibility to reduce the award to a minimum amount while preserving the plaintiff's right to seek support through alimony in the future should circumstances change." Burnsv. Burns, supra 726-27.
In the instant case no such finding was contained in the decree nor could be discerned from the file. No transcript of the December 2, 1994 uncontested trial was presented to this court. CT Page 2218 Long term marriages, with large earnings and little assets are prime candidates for periodic alimony awards not terminating on remarriage.
After Vandal v. Vandal, trial courts have ordered periodic alimony to continue beyond the recipient's remarriage. Klittnerv. Klittner, 1994 Ct. Sup. 116, January 5, 1994 (Leheny, J.); "Cohabitation pursuant to the statute, the plaintiff's remarriage and the defendant's retirement shall not be grounds for terminating the alimony but may be grounds for its modification based on a substantial change of circumstances." Burns v. Burns,1994 Ct. Sup. 3085, March 22, 1994 (Leheny, J.); Gray v. Gray, 12 CLT No. 3, p. 25, January 20, 1986.
Remarriage of one of the parties and the financial effects therefrom may be considered as a substantial change of circumstances justifying the consideration of a modification order and/or termination of periodic alimony. Byrd v. Byrd,36 Conn. Sup. 601 (1980); Battersby v. Battersby, 218 Conn. 467, 469
(1991); McGuinness v. McGuinness, 185 Conn. 7, 12 (1981).
Sometimes there is a misunderstanding that periodic alimony automatically terminates upon remarriage because of the income tax deductibility requirements. The Internal Revenue Service has rules regarding the deductibility of periodic payments. The Deficit Reduction Act of 1984 rewrote IRS Section 71. Prior to 1984, Section 71 contained a number of factors used to determine whether certain transfers of money would be treated as alimony for federal income tax purposes. The IRS code has four specific requirements that must be met for alimony payments to be deductible. The fourth requirement was: "There is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse (and the divorce or separation instrument states that there is no such liability)." 26 U.S.C. § 71 (b)(1)(D).
The Tax Reform Act of 1986 amended 26 U.S.C. § 71 (b)(1)(D). The amendment "was apparently intended to mitigate the effects of sloppy lawyering." Hoover v. Commissioner of Internal Revenue, 23 Family Law Reporter 1104, January 7, 1997. The requirement that there be no remaining liability after the payee's death survived. The change did allow state law to "save" alimony arrangements that met all the requirements of 26 U.S.C. § 71 (b)(1) except the explicit statement of termination upon death. Currently under CT Page 2219 subsection (D) if payments will necessarily terminate upon the payee's death by operation of state law, the payments can still qualify under 571 for special tax treatment despite the parties' failure to specify in the divorce instrument that the payments terminate upon the payee's death. There is of course no such automatic termination provision in Connecticut law unless the decree contains such a contingency.
CONCLUSION OF LAW
The plaintiff argues that the December 2, 1994 decree is clear and unambiguous. Therefore, alimony must not be discontinued because of the plaintiff's remarriage. The plaintiff did not argue as to whether or not the alimony would continue beyond the plaintiffs death or defendant's death. The defendant argues that the alimony award was unclear since the standard conditions of terminating upon the death of the wife, the death of the husband or the remarriage of the wife, whichever first occurs were not set forth.
The court notes the illogical position that would be taken if the plaintiffs arguments were followed. If no modification was ordered, alimony would continue. The defendant would then have the obligation to pay alimony not only to his remarried wife but to the estate of the ex-wife beyond her death. Furthermore, the defendant's estate would have the obligation to pay alimony until the death of the plaintiff.
Provisions of nonmodifiability are generally not favored. They are to be upheld only if they are clear and unambiguous. The court concludes that these provisions of nonmodifiability have not been clearly delineated in the December 2, 1994 decree.
The court further finds that remarriage of the recipient is a substantial change in circumstance. Cary v. Cary, supra 262. The financial circumstances that result from a remarriage may be considered on a motion for modification. Battersby v. Battersby,supra 469; McGuinness v. McGuinness, supra 12. No financial affidavits were filed. The court therefore has insufficient information to determine to what extent, if any, the remarriage has impacted the parties' finances. Although the parties argued that the issue in this case is, whether or not the remarriage automatically terminated the alimony, the law is clear that the wife's remarriage does not automatically terminate a periodic alimony obligation. Lasprogato v. Lasprogato, supra 515-16. CT Page 2220
Neither party requested that the trial judge articulate the reason for the decision. P.B. § 334A; P.B. § 4051. This is the standard remedy when the judgment is unclear and ambiguous. The defendant has waived the filing of a motion for articulation by submitting this matter to this court for decision. Equally so, the plaintiff has not raised any issue for articulation and thus waived articulation.
The health insurance requirement is not a lump sum payment under C.G.S. § 46b-81. It is in the nature of periodic alimony and as such is subject to modification C.G.S. § 46b-86 (c); Rossv. Ross, 2 Conn. App. 643, 648 (1987); Viglione v. Viglione, supra
217: Mihalyak v. Mihalyak, 30 Conn. App. 516, 519 (1993).
No direct evidence was offered that the wife is residing with another. The wife has remarried and is presumably residing with her new husband. It would appear that a modification and/or termination of alimony can also be considered under the "cohabitation" provision of the modification statute. C.G.S.46b-86 (b).
The instant motion for modification was served pursuant to an order to show cause. The service took place on June 26, 1996 according to the sheriff's return on file. Therefore, the court has the authority to order modification and/or termination of alimony retroactive to June 26, 1996 in its discretion. C.G.S.§ 46b-86 (a), C.G.S. § 52-50.
This motion is to be reassigned for the parties to file financial affidavits and conduct an evidentiary hearing on the cohabitation issue (C.G.S. § 46b-86 (b)) and on the substantial change in circumstances issue (C.G.S. § 46b-86 (a)). The defendant shall file the proper motions and/or reclaim slips consistent with this decision.
TIERNEY, J.