[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO DISMISS PLAINTIFF'SMOTION TO MODIFY ALIMONY (#208)
The parties' marriage was dissolved by judgment entered CT Page 9969 February 26, 1985 at which time the parties' separation agreement was found to be fair and equitable and the same was incorporated in the judgment pursuant to § 46b-66.
The agreement makes no mention of periodic alimony.
Article II, entitled "Lump Sum Alimony" states:
"Article II
Lump Sum Alimony
 2.1 The Husband shall pay to the Wife the sum of FIFTY THOUSAND ($50,000.00) DOLLARS as lump sum alimony. Said lump sum alimony shall be payable as follows:
 (a) FIVE HUNDRED ($500.00) DOLLARS, per month, commencing on January 1, 1985 and continuing during his lifetime and until her death through June 31, 1985; and
 (b) ONE THOUSAND ($1,000.00) DOLLARS, per month commencing July 1, 1985 through June 1, 1989.
 2.2 The lump sum alimony payment herein provided shall not be includable by the Wife nor deductible by the Husband for federal or state income tax purposes."
This court finds this provision to be a property division since it is a specific sum of money and is a final judgment which the court cannot modify. Viglione v. Viglione, 171 Conn. 213, 215
(1976). The fact that a payment schedule was provided rather than a single payment does not change the obligation into periodic alimony, Id., p. 216.
The plaintiff urges the court to find ambiguity in the agreement. The term "lump sum alimony" is used in all three sentences comprising Article II. The court cannot find ambiguity where none exists.
The defendant's motion to dismiss is granted. CT Page 9970
HARRIGAN, J.