WILLIAM J. RILEY ET AL. *v*. LIQUOR CONTROL
COMMISSION

HARRY F. PRESTON ET AL. *v*. LIQUOR CONTROL
COMMISSION

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 9—decided December 9, 1965

*Stephen J. O'Neill,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellant (defendant in each case).

*E. Gaynor Brennan, Jr.,* for the appellees (plaintiffs in each case).

*Daniel E. Brennan, Jr.,* with whom, on the brief, was *James J. A. Daly,* as amici curiae.

ALCORN, J. On April 23, 1963, the plaintiff William J. Riley applied to the defendant for a permit to conduct a liquor package store in Enfield. On June 3, 1963, the plaintiff Harry F. Preston made a similar application for a package store liquor permit in Norwalk. The Great Atlantic and Pacific Tea Company, henceforth called the company, was the backer on each application. Section 30-48a of the General Statutes was passed by the 1963 General

Assembly and became effective on June 24, 1963. The text of the section is printed in the footnote.[1] In July, 1963, the defendant refused to accept, and returned, both applications for the stated reason that § 30-48a prohibits "any backer from having an interest in more than two alcoholic beverage retail permits." A "backer" is defined by § 30-1 (3), quoted in the footnote.[2] Riley, Preston and the company promptly applied for hearings before the defendant on their applications. The defendant denied them a hearing, and the applicants appealed to the Court of Common Pleas on the ground that the refusal to accept the applications was illegal, arbitrary and an abuse of discretion.

After each appeal was returned to court, the plaintiffs filed a substituted complaint in each case setting forth the appeal in a first count and adding a second

---

[1] "Sec. 30-48a. LIMITATION ON INTEREST IN RETAIL PERMITS. (a) On and after June 24, 1963, no person and no backer, as defined in section 30-1, shall, except as hereinafter provided, acquire an interest in more than two alcoholic beverage retail permits, but nothing herein shall require any such person who has, on June 24, 1963, such interest in more than two such permits to surrender, dispose of or release his interest in any such permit or permits nor shall it affect his right to continue to hold, use and renew such permits. (b) Retail permits for the purposes of subsection (a) of this section are defined as follows: Package store liquor permit, package store beer permit, druggist liquor permit and druggist beer permit. (c) Membership in any organization which is or may become the holder of a club permit shall not constitute acquisition of an interest in a retail permit. (d) Any person who violates any provision of this section or of any regulation issued pursuant hereto shall be fined not less than fifty dollars nor more than two hundred fifty dollars and any permit issued in violation of this section shall be revoked."

[2] "Sec. 30-1. DEFINITIONS. . . . (3) 'Backer' means, except in cases where the permittee is himself the proprietor, the proprietor of any business or club, incorporated or unincorporated, engaged in the manufacture or sale of alcoholic liquor, in which business a permittee is associated, whether as employee, agent or part owner."

count seeking an injunction restraining the defendant from invoking any of the provisions of § 30-48a and a declaratory judgment determining the rights of the parties. The Preston action was then ordered transferred from Fairfield County, where it was pending, to Hartford County, where the Riley action was pending and where the two actions were thereafter heard together because the issues were identical. The trial court found the issue on the appeal under the first count in each case in favor of the defendant, and the plaintiffs in neither case have appealed from that judgment. On the issues under the second count in each case, however, the trial court rendered a declaratory judgment that § 30-48a is unconstitutional but did not grant injunctive relief. From that judgment the defendant has appealed in each case, and, pursuant to stipulation of the parties, the cases come here on a single appeal record.

Thus, the only issue before us is the portion of the judgment declaring § 30-48a unconstitutional. We are constrained to notice, however, the inconsistency between that portion of the judgment and the remaining portion, which determined the appeal phase of the case in favor of the defendants. The judgment should admit of a consistent construction as a whole. See *Harrison* v. *Union & New Haven Trust Co.,* 147 Conn. 435, 439, 162 A.2d 182. Just how the defendant could be held to have acted legally in refusing to hear an application because of the restrictions imposed by § 30-48a when, in the same judgment, that statute is held to be unconstitutional beggars logic. The trial court was undoubtedly led into the inconsistency by the plaintiffs' unnecessary use of multiple actions, a practice which we discountenanced in *DeForest & Hotchkiss*

*Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 270, 205 A.2d 774. As we observed in that case (p. 269), the issue of constitutionality could as well have been raised under the appeal count and, as we shall see, perhaps more effectively than by the means which these plaintiffs chose to take.

We turn now to the defendant's appeal from the judgment on the second count declaring § 30-48a unconstitutional. The error assigned is that, as a matter of law, and owing to the trial court's erroneous conclusions from the subordinate facts, the statute violates no constitutional rights of the plaintiffs and is a valid regulation of the liquor traffic.

The allegations of the second count in each complaint are substantially the same. In addition to reciting the provisions of § 30-48a in full, they state that the company holds more than two permits issued by the defendant and is authorized to sell packaged liquor for off-premises consumption in various of its stores located throughout the state, and that the defendant intends to enforce § 30-48a, which is unconstitutional because it deprives the plaintiffs of property without due process of law, is arbitrary, unreasonable, discriminatory, class legislation and lacking a basis in public necessity. Finally it is alleged that enforcement will result in injury to the plaintiffs.

The trial court's finding of the subordinate facts proved in support of these allegations is not disputed. It is found that the company made each application as a backer of Riley and Preston, who were to be the company's permittees; that the plaintiffs are suitable applicants, the premises are suitable, and the plaintiffs meet all statutory requirements applicable prior to the effective date of § 30-48a; and that the company is already the backer

of fifty-seven other package store permittees in Connecticut. The rest of the subordinate facts found relate to the terms and effective date of § 30-48a and the action taken by the commission under it as already related.

In order to be entitled to injunctive relief the plaintiffs were required to allege and prove irreparable injury. *Theurkauf* v. *Miller,* 153 Conn. 159, 161, 214 A.2d 834; *Stapleton* v. *Lombardo,* 151 Conn. 414, 416, 198 A.2d 697. It is clear from the foregoing recital that they neither alleged nor proved that essential. This failure is of no significance on the issue before us since no injunction was granted, and no appeal was taken from that nonaction by the trial court.

We next observe that the trial court has not found that the enforcement of the statute will result in any injury to the plaintiffs. Proof of such injury is essential to an attack on the constitutionality of § 30-48a. *Coyle* v. *Housing Authority,* 151 Conn. 421, 424, 198 A.2d 709. The court did, however, correctly conclude that a liquor permit is not property, but merely a personal privilege. General Statutes § 30-14; *Beckanstin* v. *Liquor Control Commission,* 140 Conn. 185, 192, 99 A.2d 119. One who has not been harmed by a statute cannot challenge its constitutionality. *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 215, 177 A.2d 673. The question of the validity of the statute must be tested by its effect on its attacker under the particular facts of his case. *Karen* v. *East Haddam,* 146 Conn. 720, 727, 155 A.2d 921. Here we have no showing of any effect of the enforcement of this statute on these plaintiffs except that they are denied the purely personal privilege of a permit.

Of greatest significance, however, since the plain-

tiffs seek to have the question of constitutionality determined in a declaratory judgment action, is the question of parties. The only parties in these cases are Riley, Preston, the company and the defendant commission. The declaratory judgment action under which the plaintiffs have chosen to proceed is a special statutory proceeding in which we are not limited by the issues joined or the claims of counsel. *Bania* v. *New Hartford,* 138 Conn. 172, 175, 83 A.2d 165. It is a procedure which cannot be resorted to by one who asserts the unconstitutionality of a statute as a means of avoiding the necessity of showing that his interests are adversely affected by the statute under attack. *Karen* v. *East Haddam,* supra, 723. The plaintiffs' right to seek a declaratory judgment involves the jurisdiction of the court to entertain the action and may be raised at any time. *McGee* v. *Dunnigan,* 138 Conn. 263, 268, 83 A.2d 491. The trial court concluded that the "main purpose of § 30-48a was a desire of a group of persons engaged in the liquor industry to 'straight jacket [sic]' or 'freeze' its competitors into a 'status quo' position, and to help the 'little man,' so-called." The court further concluded that § 30-48a presumably benefits a segment of the same class, hampers and restricts another segment, and leaves the remainder untouched. We express no opinion as to the validity of these conclusions. Their significance, in this case, lies only in the plaintiffs' agreement with them. Who these various groups, segments or persons are is not disclosed. And on this record we need not know. The fact that they exist, whoever they are, is laid plainly before us on the record and indeed has been emphasized energetically by the plaintiffs in their brief and oral argument. While the defendant challenges these conclusions of the court, we need

not, under the circumstances peculiar to this case, explore the soundness of that challenge. The plaintiffs support the court's conclusions by urging that "[t]he sole purpose of the legislation was to curb one segment of the liquor industry and leave all others engaged in the business untouched; one segment of the same class is benefited, another hampered and restricted and the remainder untouched." Surely, this assertion must be assumed to be founded in facts known to the plaintiffs. Surely, they know the identity of those they charge with attempting to apply this "curb" and the identity of those hampered and restricted as well as of those benefited or untouched. Surely also, the plaintiffs must be assumed to know that at least those who promoted the alleged "curb" and those who are hampered, restricted and benefited by it have an interest in the subject matter of this litigation. That being so, they should have been made parties to the action or have been given reasonable notice of it.

It is fundamental that a declaratory judgment will not be rendered upon the complaint of any person unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof. Practice Book § 309 (d); *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation,* 151 Conn. 68, 77, 193 A.2d 493; *Brennan* v. *Russell,* 133 Conn. 442, 445, 52 A.2d 308. The record, briefs and argument make it clearly apparent that persons having an interest in the subject matter of this case are not parties and are not shown to have had notice of the action. Under such circumstances and on its own conclusion quoted above, the trial court had no jurisdiction to render a declaratory judgment.

Regardless of the merits of the attack made here,

the claim that a statute is unconstitutional is always important. It is always one which we prefer, if possible, to decide. The issue must, however, be presented for decision in a manner to affect only those who have had an opportunity to be heard. While the issue in this case could, as already indicated, have been properly decided if raised as a part of the appeal under the first count, the plaintiffs' failure so to raise it or to take any appeal from the judgment on that count has effectively removed that avenue of approach. For reasons already stated, also, there is no issue on injunctive relief before us to which a constitutional question could attach. The question is presented only in the faulty declaratory judgment method which prohibits determination.

There is error as to the second count only in each case, the judgment for the plaintiffs in each case under the second count is set aside and the case is remanded with direction to dismiss the second count of the complaint in each case for lack of jurisdiction.

In this opinion the other judges concurred.