[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought suit in four counts against the Town of Westport (Town), the Representative Town Meeting of the Town of Westport (RTM) and the Planning and Zoning Commission of the Town of Westport (PZC). The first, second and third counts seek declaratory judgments; the first that the RTM lacked jurisdiction to review and reverse the action of the PZC (Amendment 389) which excluded restaurants with only service bars from the 1500 foot restriction of the zoning regulations; the second, that the action of the RTM of February 6, 1990 voiding the action, of the PZC enacting the exemption of service bars was ineffective, and that the action of the PZC was an effective part of the zoning regulations on March 7, 1990; the third, that Sections C5-1F and C26-4. A-D of the town charter are invalid, null and void and unconstitutional generally and specifically. The fourth count is a mandamus action to request the PZC to execute the "Certificate of Zoning Authority" required by the State Liquor Control Commission for the issuance of a liquor license for the plaintiff's restaurant.
The parties have submitted a Stipulation of Facts for the court in lieu of presenting evidence and that stipulation is appended hereto as Exhibit A. What occurred herein, in short, is that the RTM adopted, on its own application, a zoning amendment which exempted restaurants with service bars only from the 1500 foot radius from other liquor outlets and which prevents them from securing liquor permits. Thereafter, the RTM under its power of review, in Westport's charter, adopted a resolution reversing the action of the PZC, which made the PZC action void, under the provisions of C26-4.B of the charter. The plaintiff who operates a restaurant within 1500 feet of five other restaurants with liquor permits thereafter was refused a "Certificate of Zoning Authority" by the PZC, that certificate as previously stated being a requirement of the state liquor commission for the issuance of a license. His simultaneous request for a variance of the 1500 foot radius was also denied by the PZC. His claim is that without the RTM action voiding the amendment by the PZC he would have been able CT Page 1648 to secure a liquor license for a service bar at his restaurant with all its resulting increments.
The plaintiff claims under the first count that the PZC enacted the ordinance, Amendment 389 in its legislative capacity and that C26-4.A of the Charter provides that "within. 7 days after the publication of notice of such action, any person or group of persons. . .may request. . .review by the Representative Town Meeting of such action by the Planning and Zoning Commission. . ." and that Charter CS-6C requires that said request be in writing and be filed in accordance with the time limitation provided and hereinbefore noted. The notice of the PZC amendment was published on January 17, 1990 at or before 9:00 a.m. the written request to review was filed in the Town Clerk's office at 11:19 a.m. the same day and the plaintiff claims that the time limitation was not complied with and that the request was premature in that the first date on which such a request could be made was January 18, 1990. The second count raises the issue that the Town Clerk's failure to publish the RTM action in accordance with Chapter C5-9.A was fatal to its action. Count three claims that charter sections C5-1F and C26-4-D are invalid null and void and unconstitutional in that they are in derogation of the plaintiff's right to due process in violation of the Federal and State Constitutions, by reason of the failure of those charter sections to establish primary standards, declare legislative policy or lay down an intelligible principle as reasonably precise as is required. The fourth count requests the court to issue a writ of mandamus requiring the PZC to issue a "Certificate of Zoning Authority," since the action of the RTM is a nullity under the claims filed under counts one two and three and therefore Amendment 389 is in force and that the plaintiff complies with the zoning requirements.
The first issue raised by the plaintiff is that the RTM lacked jurisdiction to review the PZC's action on the distance required for liquor permits for service bars, by reason of the failure of the petitioners to comply with section C26-4-A of the Charter, the relevant portion of which reads: "any action by the Planning and Zoning Commission adopting, amending or repealing any zoning regulation. . .shall be subject to review by the Representative Town Meeting as follows: "A. Within 7 days after the publication of notice of said action any person or group of persons authorized by C5-6C of Chapter 5 of this Charter to request the placing of matters on the agenda of the Representative Town Meeting, may request as provided in such C5-6C a review by the Representative Town Meeting of such action by the Planning and Zoning Commission." B. of that section states that an affirmative vote of 2/3 of the total number of the RTM adopting a resolution reversing the action of CT Page 1649 the PZC shall make such action void. The action of the PZC was published at 9:00 a.m. January 17, 1990. At 11:19 a.m. the same day a written request ". . .to reverse the action taken by the Planning and Zoning Commission on January 8, 1990 relative to the following matter: Zoning Amendment 389 (text) amending Section 31-7 "Liquor Establishments". The plaintiff claims that the request to the RTM did not comply with the requirement that it be made "within 7 days after" the publication of the PZC action." "The word `within'. . .is, of controlling importance. It means `not longer in time than. . .' not later . . .The word `within' is almost universally used as a word of limitation, unless there are other controlling words in the context showing that a different meaning was intended." Lamberti v. Stamford, 131 Conn. 396, 398. See Schwarzschild v. Binsse, 170 Conn. 212, 217. The plaintiff claims that January 17 should be excluded in counting 7 days and that the time to file a request began on January 18th at 9:00 a.m. The plaintiff's reliance on Austin Nichols Co., Inc. v. Gilman,100 Conn. 81, 84 is misplaced since it does not use the word "after" as the plaintiffs brief states, and the case interpreted the phrases "not less then fourteen days" and "at least fourteen days." The statement in that case "unless settled practice or established custom, of the intention of the parties, or the terms of a statute have included in the computation the date or act of accrual, it is to be excluded from the computation" is interpreted as not counting the date of accrual, in this case January 17, 1990 for the purpose of computing seven full days. It is used only to insure a seven day period. The case does not decide that the date of accrual is excluded for filing requests and nowhere does such an exclusion appear. In Bielan v. Bielan, 135 Conn. 163, 164n. the court determined that the phrase "within two weeks after the record is distributed" as "the purport of the rule is that a request to correct the appeal must be made to a trial court not later than two weeks after the record is distributed. Indeed every practical consideration favors the making of such a request at the earliest possible time." That court did not exclude the day the records were distributed. Again in State v. Griffin, 171 Conn. 333, 342 the Supreme Court in interpreting the statute limiting the time for presenting claims against estates interpreted the phrase "within such time more than twelve months nor less than three months" as the limits, held "we are compelled to hold that the word "within" as used in 45-205 means not later than the termination date of the limitation order." Section 1-1(g) C.G.S. entitled "words and phrases" reads as follows: "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; . . ." The word "after" means subsequently, later than, following the time when, later, subsequent in time to. The Merriam-Webster Dictionary 31 CT Page 1650 (1974), Blacks Law Dictionary 83 (4th ed 1951). "Day is defined as "that space of time in which the earth makes on revolution on its axis. . . In the sense of the law a day includes in it the whole twenty-four hours. . ." Miner v. Goodyear Glove Mfg. Co., 62 Conn. 410, 411. January 17th 1990 was not excluded as a day for filing a request with the RTM to review the action of the PZC, a fair reading of the phrase "within 7 days after" permits a request be made within seven days after the PZC action is published which was 9:00 a.m. January 17th and the request in issue herein was filed within the seven day period.
The issue raised in the second count is that the RTM action was ineffective for failure of the Town Clerk to publish the action of the RTM in accordance with Section C5-9.A. That section requires any action, adopting, amending or repealing an ordinance by the RTM to be published, within 10 days after the adjournment of the meeting, in a newspaper. In the instant case the RTM action was not published. Section C5-1A of the Charter provides that all legislative power of the Town, including power to enact ordinances shall be vested in the RTM,1-1(n) C.G.S. reads: "Ordinance shall mean an enactment under the provisions of section 7-157." Section 7-157 entitled Publication, Referendum. Publication of Summary "empowers the legislative body of any town or city to enact ordinances. It further provides that municipalities whose charter provide for the manner in which they may enact ordinances, may follow their charters as is the case in Westport. "An ordinance is a municipal legislative enactment." Great Atlantic and Pacific Tea Co. v. Schevy, 148 Conn. 721, 723. Under section C5-1(A) the power to enact ordinances is given solely to the RTM. Under section C26-2 entitled "powers and Duties" the PZC is given the powers and duties conferred or imposed by law on Planning and Zoning Commissions. Section 8-2 entitled "Regulations" provide for the zoning commission of a municipality to regulate zoning, and in every instance refers to regulating not the enactment of ordinances. Section 1 of the Zoning Regulations entitled "Legislative Intent" defines its intent and states. . .hereby adopts and promulgates the following rules and regulations in accordance with the authority vested in it the said commission by Chapter 242 of the Public Acts of the State of Connecticut and Chapter 124 of Title 8 of the Connecticut General Statutes. . ." Section C5-1(F) provides the RTM with the power to review any action of the PZC adopting, amending or repealing any zoning regulation and section C26-4 subdivision B states that in the event of the RTM reversing the action of the PZC such action shall be void. Of significance is that nowhere in the charter is there a provision for publishing the action of the RTM and of even more significance is the statement that the PZC action is null and CT Page 1651 void as of the reversal of the PZC action, in this case Amendment 389. Regulation is defined as ". . .meaning to "govern or direct according to rule. . .to bring under the control of law or constituted authority." "Regulation connotes . . . the power to permit and control as well as to prohibit." Greenwich v. Connecticut Transportation Authority,166 Conn. 337, 342. The plaintiff's claim that the Westport Zoning Regulations were amended on January 8th by Amendment 389 has no basis in law. It was not effective before March 7th and the RTM voided it before that date on February 7th. The plaintiff reliance on Morris v. Town of Newington, 36 Conn. Sup. 74
is misplaced since it contains no legal proposition to sustain his position. Since the Westport Charter contains no requirement of publication of its action when it acts on a regulation of the PZC, no publication is required. The statement in C4-6 that the rejected regulation is void indicates an intent to have an immediate effect, without a resort to a municipal referendum which is provided for in other similar actions of the RTM. This review is different from the RTM adopting, amending or repealing an ordinance which provides for a week to elapse after publication for any of those actions to be effective. The failure of the Town Clerk to publish the action of the RTM reversing the action of the PZC in enacting Amendment 389 did not affect its action in voiding it.
The third issue raised by the plaintiff is that the charter sections C5-1F and C26-4 A-D are invalid null and void and unconstitutional in that they are in derogation of the plaintiff's due process rights as guaranteed by the constitution of the State of Connecticut, and Amendments V and XIV of the United States constitutions in that they do not establish primary standards, declare legislative policy or lay down an intelligible principle as reasonably precise as is legally required. Essentially the plaintiff's claim is that no standards are laid down for the actions of the RTM in acting or reviewing the regulations of the PZC. A denial of due process involves the deprivation of a protected right which this plaintiff does not have. His claim that he cannot obtain a liquor permit from the State as a result of the actions of the RTM does not involve the loss of a property right. The defendant's claim that the plaintiff has not lost the right to apply for a liquor permit while technically correct does not help the plaintiff. He would be foolish to apply for such a permit without the "Certificate of Zoning Authority" necessary for his application and his application could not possible succeed without out it. What is important is that a liquor license is not a property right protected by the constitution. "[A] license to engage in the liquor traffic is not a grant and confers no irrevocable vested or property rights upon the licensee which cannot be revoked or terminated by the licensing CT Page 1652 authorities. It is a mere personal and temporary permit a privilege and not a natural right, to be enjoyed only so long as the conditions and restrictions governing its continuance are complied with, and allowing the licensee to do what could not be lawfully done without it, and it is not property in any constitutional sense." 45 Am. Jur.2d 115 p. 568. In ruling on the Liquor Control Commission's suspension of a liquor permit the Supreme Court held, "Such a permit is merely a personal privilege and does not constitute property. General Statutes 4236. The plaintiff has not been deprived of any property right." Bechanstin v. Liquor Control Commission, 140 Conn. 183,192. See Riley v. Liquor Control Commission, 153 Conn. 242,247. "One who has not been harmed by a statute cannot challenge its constitutionality Salgrean Realty Co. v. Ives,149 Conn. 208, 215. . . The question of the validity of the statute must be tested by its effect on its attacker under the particular facts of his case. Karen v. East Haddam, 146 Conn. 720,727 ". . . Here we have no showing of any effects of the enforcement of this statute of these plaintiffs except that they are denied the purely personal privilege of a permit." Riley v. Liquor Control Commission, supra 247. That principle is applicable to the instant case, the effect of the enforcement of the challenged sections of the charter is the loss of the purely personal privilege of a liquor permit and the plaintiff therefore may not attack their constitutionality. See Scott v. Village of Kewasham, 786 F.2d 338. The plaintiff's reliance on State v. Stoddard, 126 Conn. 623 does not help his case. That decision involved the constitutionality of a delegation of power by the legislature to the milk commissioner and decided that in transferring the power the statute must declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the administrative officer or body must conform. State v. Stoddard, supra 628. However that standard of law is not applicable to delegations of authority by the legislature to a municipality. "The rule pronounced in State v. Stoddard, supra involved the delegation of powers from the legislature to an administrator in the executive department who was appointed by the governor and thus the Stoddard rule clearly is applicable to delegations of authority from the legislature to the executive department. Application of the rule, however, to the delegation from the state legislature to a municipality, as in the present, case is not appropriate. The bases for the non delegation doctrine between the legislative and executive branches of the state government are not coextensive with the bases for nondelegation as between the state legislature and a municipality and, therefore the rules governing such delegations are not the same." Bottone v. Westport, 209 Conn. 652, 660. "[I]n delegating power to municipal corporations none the limitations imposed on CT Page 1653 administrations or executive agencies applies. Thus the delegation may be of the most general nature and it will not be invalid for a failure to create an adequate standard." Bottone v. Westport, supra 668. The last sentence of that quotation is of great significance and provides the answer to the issue raised by the plaintiff. The delegation in the charter of the power of review to the RTM was in general terms which is permissible and is not constitutionally invalid for failure to provide an adequate standard for the RTM's review of the PZC regulation.
The fourth count seeks a Writ of Mandamus ordering the defendant PZC chairman or zoning director to issue a "Certificate of Zoning Authority" which is required for his application for a liquor permit. "The prerequisite that the plaintiff must establish for the extraordinary remedy of mandamus to issue are well settled. First, there must be no other adequate remedy; second the law must impose a mandatory duty on the defendant; and third the plaintiff must have a clear legal right to have that duty performed. . . The issuance of the writ is discretionary. . ." Riley v. Bridgeport, 22 Conn. App. 402, 405. Since the rulings of this court on counts one, two and three are adverse to the plaintiff's claims there is no mandatory duty on the defendant and no clear right to have the duty performed as the plaintiff requests.
On the first count for a declaratory judgment that the petitioners did not timely request the RTM for a review of the regulation enacted by the PZC the court finds that the request was made within the meaning and time limits of the charter.
On the second count for a declaratory judgment that the town clerk failed to publish the action of the RTM, the court finds that there was no requirement for such publication.
On the third count for a declaratory judgment that the sections of the Westport charter C26-4A-D and C5-1F are unconstitutional the court finds that this plaintiff has no constitutional rights to be protected and that the sections of the charter, in question, pass constitutional muster.
On the fourth count for a writ of mandamus the court finds that the plaintiff is not entitled to the relief requested.
Judgment may enter for the defendant to recover costs.
LEVINE, STATE TRIAL REFEREE
EXHIBIT A CT Page 1654
STIPULATION OF FACTS
1. Arnold J. Kaye a/k/a Arnold Kaye, the Plaintiff, is the record owner of real property located in the Town of Westport, Connecticut shown as Lot No. 100 on Assessor's Map No. 5453-1, and being commonly known as 1341 — 1399 Post Road East. The property (or "premises") consists of 3.47 acres with buildings and improvements thereon, and has 753.26 feet of frontage on the Post Road East, Town of Westport. [Copies of a map and deeds from Westport Land Records certified by Town Clerk will be offered collectively as Plaintiff's Exhibit A.]
2. Plaintiff conducts a delicatessen business, a restaurant business and a banquet and catering business, among other businesses, on said real property.
3. The Town of Westport Zoning Regulations Section 31-7
prohibits the sale of alcoholic liquor at a restaurant located within 1500 feet of any other building or structure where any alcoholic liquor is sold for on-premises consumption. [Copies of the Regulation will be offered as Plaintiff's Exhibit B.]
4. Zoning Regulation Section 31-7 prohibits the sale of alcoholic liquor for on-premises consumption at the Plaintiff's premises in that the following five (5) restaurants serve liquor within 1500 feet of the premises: Beansprout Restaurant, Panda Pavilion, Rocco's, Pompano Grille and Fuddruckers Restaurant.
5. When Plaintiff began operating said restaurant, delicatessen and catering business at the said premises, he knew that the sale of alcoholic liquor for on-premises consumption at the premises was prohibited by the Town of Westport Zoning Regulations, Section 31-7.
6. The Town of Westport Zoning Regulations is an ordinance of the Town of Westport.
7. Defendant, Town of Westport, (hereinafter referred to as "Town"), is a municipal corporation being a political subdivision of the State of Connecticut in the County of Fairfield.
8. The Charter for the Town of Westport was promulgated by the Connecticut General Assembly as Special Act No. 348 of 1957, 28 Spec. Laws 445. At a Special Town Meeting held on July 19, 1957, the citizens of the Town of Westport adopted said Special Act as its Charter.
9. Defendant, Representative Town Meeting, (hereinafter referred to as "RTM"), is the legislative body of said Town. CT Page 1655
10. Defendant, Planning and Zoning Commission, (hereinafter referred to as "PZ"), is (a) the zoning authority in said Town pursuant to Chapter 124 of the Connecticut General Statutes, and (b) the merged planning and zoning commission in said town pursuant to Section 8-4a of the Connecticut General Statutes.
11. Said PZ, acting within the scope of its authority granted to it by virtue of the Zoning Regulations of said Town, and pursuant to the provisions of said Chapter 124 of the Connecticut General Statutes, adopted Zoning Amendment #389 on its own application by resolution dated January 8, 1990, after a public hearing on said application on December 18, 1989. Zoning Amendment #389 was given an effective date of March 7, 1990 by said PZ at a work session on January 8, 1990. Zoning Amendment #389, inter alia, exempts restaurants with service bars only from the 1550 foot radius restriction. [A copy of said Amendment #389 will be offered as Plaintiff's Exhibit C.]
12. Sections C5-1.F. and C26-4.A.-D. of the Charter of said Town provide for the review of certain zoning actions of said PZ by said RTM. The power of the RTM to review certain zoning actions is authorized by the aforesaid Special Act of the General Assembly and is valid. The power to regulate land use in the Town of Westport rests exclusively with the Westport PZ except to the extent that the RTM is authorized to review certain PZ actions under Sections C5-1.F. and C26-4. of the Westport Charter. [Copies of said sections C5-1.F. and C6-4.A.-D. of said Charter certified by the Westport Town Clerk will be offered as Plaintiff's Exhibits D and E, respectively.]
13. The Westport Charter, Section C26-4.A., provides that "[w]ithin 7 days after the publication of notice of such action, any person or group of persons authorized by Section C5-6C of Chapter 5 of this Charter to request the placing of matters on the agenda of the Representative Town Meeting may request, as provided in such Section C5-6C, a review by the Representative Town Meeting of such action by the Planning and Zoning Commission. Such Representative Town Meeting shall be held within 30 days after the delivery of such request to the Moderator or the Town Clerk. [A copy of said section C5-6C of said Charter certified by the Westport Town Clerk will be offered as Plaintiff's Exhibit F.)
14. Notice of the action of the PZ adopting Zoning Amendment #389 was published and circulated in The Westport News, a newspaper having a substantial circulation in the Town of Westport, at or before 9:00 A.M., on January 17, 1990. [A copy of said notice as published in said newspaper certified by the secretary to the Westport Planning and Zoning Commission will be offered as Plaintiff's Exhibit G.) CT Page 1656
15. On January 17, 1990 at 11:19 A.M., RTM member Lawrence Aasen filed with the Town Clerk's office for the Town of Westport a written request for a review of the action of the PZ adopting Zoning Amendment #389 under Section C26-4. of said Charter. [A copy of said request certified by the Westport Town Clerk will be offered as Plaintiff's Exhibit H.)
16. On February 6, 1990, said RTM, exercising its power to review under said Sections C5-1.F. and C26-4.A.-D. of said Charter, adopted a resolution "revers[ing] the action of the Planning and Zoning Commission in adopting Zoning Amendment #389". [A copy of the minutes of said RTM concerning said RTM resolution certified by the Westport Town Clerk will be offered as Plaintiff's Exhibit I.]
17. Upon the adoption of such resolution, the action of said PZ adopting Zoning Amendment #389 is "void" under the specific provisions of Section C26-4.B. of said Charter.
18. Following the meeting of the RTM of February 6, 1990, the Westport Town Clerk did not publish notice of the action of the RTM adopting a resolution reversing the action of the PZ adopting Zoning Amendment #389.
19. The power of the RTM to enact ordinances is conferred by Section C5-1.A. of the Charter, subject to the referendum provided by Section C5-9 of the Charter. Section C5-9 provides that the Town Clerk shall cause any action by the RTM adopting, amending, or repealing an ordinance to be published, and that no such action or ordinance shall be effective until one week after such publication. (A copy of said section C5-9 of said Charter certified by the Westport Town Clerk will be offered as Plaintiff's Exhibit J.)
20. Neither Section C5-1.F. nor Section C26-4 of the Charter, which confer upon the RTM the power to review certain zoning actions, makes any reference to Section C5-9.
21. General Statutes Section 30-44 provides that "[t]he Department of Liquor Control shall refuse permits for the sale of alcoholic liquor . . . where prohibited by the zoning ordinance of any city or town."
22. On March 7, 1990, Plaintiff presented an application form furnished by the State of Connecticut Department of Liquor Control to Katherine Barnard, Westport's Director of Planning and Zoning, for her to complete and sign the part therein entitled "Certificate of Zoning Authority", which form said Katherine Barnard refused to complete and sign based upon the aforesaid CT Page 1657 resolution action of said RTM and Section 31-7 of said Zoning Regulations.
23. Thereafter, upon application to the Zoning Board of Appeals ("ZBA") for the Town of Westport, the Plaintiff appealed the action of said Director of Planning and Zoning, and, in the alternative, sought a variance from the effect of the application of Section 31-7 of the Zoning Regulations. Both requests were denied on or about May 3, 1990. [A copy of the denial of said application by said ZBA certified by the secretary to the Westport Planning and Zoning Commission (in the absence of the secretary to said ZBA who is injured and absent from work) will be offered as Plaintiff's Exhibit K.)
24. Thereafter, the Plaintiff filed an application with the Liquor Control Commission for a restaurant/liquor permit to be located at the subject premises. The Commission denied the application. [The original of the Decision of said Liquor Control Commission will be offered as Plaintiff's Exhibit L.)
25. If said action of the RTM on February 6, 1990 had not voided the action of the PZ adopting Amendment #389, and said Amendment #389 had been effective on said March 7, 1990, then in such event the Plaintiff would have been entitled to have had said "Certificate of Zoning Authority" part of said application completed, signed and delivered to him by said Katherine Barnard on March 7, 1990, since Plaintiff's said premises at 1385 Post Road East in said Westport referred to in paragraph 1 above was a premises qualified for the proposed use pursuant to, and permitted by, said Zoning Regulations as amended by said Amendment #389.
Dated at Westport and Bridgeport, Connecticut this 5th day of July, 1990.
The Plaintiff, Arnold Kaye By Joseph F. McKeon, Jr.
The Defendants, Town of Westport, et al. By G. Kenneth Bernhard