[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #110
The plaintiff, Hurley Manufacturing Company, commenced this action against Bankers Life and Casualty Company and two other defendants by a five count complaint for declaratory judgment, dated March 5, 1993. This complaint contained allegations of negligence, CUTPA violations, breach of the duty of good faith and fair dealing, and breach of contract. Defendant Bankers Life filed a motion to strike the plaintiff's complaint on April 5, 1993. This court granted defendant Bankers Life's motion to strike on June 21, 1993.
On June 29, 1993, the plaintiff, after withdrawing its claim against defendant Herz, refiled its declaratory judgment action. The complaint presently before the court contains four counts. The first count alleges that defendant Roni Roslyn Berson, as an agent of Bankers Life, committed negligence and made misrepresentations to the plaintiff. The second count alleges a CUTPA violation. The third and fourth counts allege that the defendants breached the duty of good faith and fair dealing. The alleged facts upon which the plaintiff has based each of its complaints are virtually identical, except that in each count the plaintiff how alleges that it has not suffered any damages.
A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). In reviewing a motion to strike the complaint, the facts alleged in the complaint are construed in a manner most favorable to the plaintiff. CT Page 9421 Mozzochi v. Beck, 204 Conn. 490, 491, 529 A.2d 171
(1987). "`This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . .'" (Citations omitted.) Coste v. Riverside Motors, Inc., 24 Conn. App. 109, 111,585 A.2d 1283 (1991). If the facts provable in the complaint would support a cause of action, the motion to strike must be denied. Stradmore Development Corp. v. Commissioners, 164 Conn. 548, 550-51, 324 A.2d 919
(1973).
The plaintiff's right to seek a declaratory judgment involves the jurisdiction of the court to entertain the action which may be raised at any time. Riley v. Liquor Control Comm'n, 153 Conn. 242, 248, 215 A.2d 402 (1965). Therefore, before reaching the merits of the motion to strike, this court must decide whether it has subject matter jurisdiction to entertain this action for declaratory relief.
A declaratory judgment action is a special proceeding under General Statutes 52-29 that is implemented by Practice Book 389 and 390. Kiszkiel v. Gwiazda, supra, 180-81. Thus, "`[d]eclaratory relief is a mere procedural device by which various types of substantive claims may be vindicated.'" Wilson v. Kelley,224 Conn. 110, 115-16, ___ A.2d ___ quoting Luckenbach Steamship Co. v. United States, 312 F.2d 545, 548d (2d Cir. 1963).
Implicit in these principles is the notion that "a declaratory judgment action must rest on some cause of action that would be cognizable in a nondeclaratory suit." Wilson v. Kelley, supra, 116. "Declaratory judgment statutes do `not create a new cause of action; their purpose is to provide a more adequate and flexible remedy in cases where jurisdiction already exists.'" Wilson v. Kelley, supra 116, citing Hodgdon v. Campbell,411 A.2d 667, 669 (Me. 1980). "To hold otherwise would convert our declaratory judgment statute and rules into a convenient route for procuring an advisory opinion on moot or abstract questions; and would mean that the declaratory judgment statute and rules created substantive rights that did not otherwise exist." Wilson CT Page 9422 v. Kelley, supra, 116.
In the case at bar, the plaintiff, in each of the four counts of its complaint alleges that it has not suffered any damages. "`Substantive rights of the parties are fixed at the date upon which the cause of action accrued.'" (Citations omitted.) Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 520-21, ___ A.2d ___ (1989). In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm. Cats v. Rubenstein, 201 Conn. 39, 43, 513 A.2d 98 (19867). Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he has been injured and that the defendant's conduct caused such injury. Cats v. Rubenstein, supra. Since the plaintiff has not yet suffered any damages, the plaintiff has not yet been injured, and therefore, has not suffered actionable harm. Thus, there is not at this time "an actual bona fide and substantial question or issue in dispute which requires settlement between the parties." Practice Book 390(b). For this court to entertain a declaratory judgment proceeding at this point would be asking this court to render an advisory opinion and would create substantive rights for the plaintiff that do not yet exist.
Accordingly, the court does not have subject matter jurisdiction and therefore the motion to strike is granted.
PICKETT, J.