[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This case arises from a claim for underinsured motorist benefits for injuries sustained by the plaintiff, Carlene E. Kulisch, in an automobile accident on September 29, 1987. On April 23, 1990, the plaintiff filed a complaint against defendant, Aetna Casualty Surety, Co. ("Aetna"), alleging in a single count that she is entitled to underinsured motorist coverage pursuant to the provisions of defendant's automobile insurance policy. The plaintiff alleges that she sustained severe injuries after a motor vehicle collided into the car which she was driving. The plaintiff further alleges that the driver of the motor vehicle, Joselyn R. Prishwalko, carried automobile liability insurance in the amount of $20,000, but did not carry any "excess insurance or umbrella policies that would cover her liability in [the accident]." A separate action brought by the plaintiff against Prishwalko was pending in this court until its withdrawal on or about December 29, 1989, when the plaintiff settled her claim with the third party carrier for the available policy limits of $20,000.
Thereafter, in January 1990, more than two years after the date of her accident, the plaintiff demanded underinsured motorist benefits under a policy of insurance issued by defendant Aetna. The policy under which the plaintiff sought benefits requires that all claims for underinsured motorist benefits be brought within two years of the date of the accident.
On August 12, 1991, the defendant filed a motion for summary judgment on the ground that the plaintiff's untimely demand for underinsured motorist benefits extinguished defendant's CT Page 4053 contractual obligation to pay. On December 28, 1991, this court, Reilly, J., denied the defendant's original motion for summary judgment.
In December of 1992, the Connecticut Supreme Court issued two decisions upholding the validity of the policy provision cited by the defendant, which set forth a two year statute of limitations for uninsured and underinsured motorist claims. Hotkowski v. Aetna Casualty Surety Co., 224 Conn. 145,617 A.2d 451 (1992) and McGlinchey v. Aetna Casualty Surety Co.,224 Conn. 133, 617 A.2d 445 (1992). On January 14, 1993, pursuant to the rule enunciated in Hotkowski, the defendant filed a motion for reargument and reconsideration of its prior motion for summary judgment. On January 7, 1994, the defendant also filed a supplemental motion in support of the motion to reargue.
Subsequent to the Hotkowski decision, the legislature enacted Public Act 93-77 ("the Act") which extends the minimum" time in which an insurer may require its insured to demand underinsured motorist benefits from two years to three. Additionally, section 3 of the Act specifies that it is to apply retroactively to cases in which no final judgment had been rendered prior to December 8, 1992.
On January 26, 1994, the plaintiff filed an objection to the defendant's motion for reargument and reconsideration on the ground that Public Act 93-77 serves to defeat any alleged statute of limitations defense that defendant can pose. On February 9, 1994, the defendant filed a memorandum in reply to the plaintiff's objection, challenging the constitutionality of Public Act 93-77.
Section 2 of Public Act 93-77 adds a new subsection to General Statutes 38-336 and provides that:
 (e) No insurance company doing business in this state may limit the time within which any suit be brought against it or any demand for arbitration on a claim made on the uninsured or underinsured motorist provisions of a motor vehicle policy to a period of less than three years from the date of the accident . . . .
Conn. Pub. Acts. No. 93-77, 2(e). CT Page 4054
Section 3 of Public Act 93-77, the section challenged by defendant, provides that:
 No uninsured or underinsured motorist claim or action pending on December 8, 1992, or brought after said date and prior to the effective date of this act, in which a settlement has not been reached or a final judgment has not been rendered prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy which limits the time within which such claim shall be submitted to arbitration or such action shall be commenced to a period of time less than that allowed under section 38a-336 of the general statutes as amended by section 2 of this act.
Conn. Pub. Acts No. 93-77, 3. Public Act 93-77 took effect on May 20, 1993, the date of its passage. P.A. 93-77, Sec. 4.
In its supplemental memorandum in support of its motion to reargue, the defendant submits that 3 of Public Act 93-77, which provides for the retroactive application of the three year limitation, violates the contracts clause and due process clause of the United States constitution. The defendant argues that the Act substantially impairs its rights under the contract. The defendant further argues that the due process clause of thefourteenth amendment to the United States constitution forbids retroactive application of the Act to the plaintiff's claim because it would eliminate defendant's vested contractual rights.
"[T]he claim that a statute is unconstitutional is always important. It is always one which [our Supreme Court] prefer[s], if possible to decide." Riley v. Liquor Control Commission, 153 Conn. 242, 250, 215 A.2d 402 (1965). "When the trial court rules on the constitutionality of a statute, the Supreme Court is vested with exclusive appellate jurisdiction." Rubera v. Aetna Casualty Surety Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 067018 (October 7, 1993, Gaffney, J.). "Whether Public Act 93-77 fails to pass constitutional muster . . . is a proper question for advice of that court. . . . . It is not an issue to be decided on a motion for summary judgment." (Citations omitted.) Id. Therefore, the CT Page 4055 defendant's motion for summary judgment challenging the constitutionality of Public Act 93-77 should be denied.
The present case was pending on December 8, 1992, and final judgment had not been entered prior to May 20, 1993, the date that the Act went into effect. Thus, by its own terms set out in 3, the Act is applicable to the present case. Pursuant to 3 of the Act, the plaintiff's claim for underinsured motorist benefits cannot fail because of a contractual limitations period which limits the time for submitting such a claim to a period of time which is less than the time allowed under General Statutes38a-336(e), as amended by P.A. 93-77,
General Statutes 38a-336(e), as amended, provides that an insurer cannot limit the time within which any suit may be brought against it on an underinsured motorist claim to a period less than three years from the date of the accident. In the present case, the defendant's two-year contractual limitations period is violative of General Statutes 38a-336(e). The application of General Statutes 38a-336(e) to the present case preserves the plaintiff's underinsured motorist claim against the defendant because a demand for benefits and a subsequent suit was filed by the plaintiff within three years of the date of the accident. The accident occurred on September 29, 1987. In January, 1990, the plaintiff made a demand for benefits pursuant to the provisions of the defendant's automobile insurance policy. Having been denied underinsured motorist benefits under the defendant's automobile insurance policy, the plaintiff filed suit against the defendant on April 23, 1990. Both the demand and commencement of suit against the defendant occurred within the three year period provided under General Statutes 38a-336(e). Thus, the plaintiff has complied with the procedural requirements of the contractual limitations period listed in General Statutes38a-336(e). Therefore, defendant's motion for reargument and reconsideration of its prior motion for summary judgment should be and hereby is denied.
Reilly, J.