[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re MOTION FOR AWARD OF PREJUDGMENT INTEREST
On October 26, 1993, an action for wrongful death was filed in court by the plaintiff Thomas A. Weaver in his capacity as Administrator of the Estate of Malcolm D. Hefford. In a second count of the complaint, Mr. Hefford's widow, Angela M. Hefford, CT Page 1108 sought recovery for loss of consortium which followed from her husband's demise.
On May 6, 1994, both plaintiffs filed a unified offer of judgment agreeing to settle the entire case for $2.2 million. The offer was made pursuant to Sec. 52-192a of the General Statutes. The offer was not accepted.
On December 6, 1996, a jury of six, following a hearing on the merits, returned a plaintiffs' verdict. By its verdict the jury awarded damages of $2,627,435 to the decedent's estate and $500,000 to the co-plaintiff, Mrs. Hefford.
On January 30, 1997, the court, after considering the defendant Thrifty Rent-A-Car Systems, Inc.'s motions to set aside the verdict and for remittitur, denied both motions and entered judgment on the verdict.
Before the court is the plaintiffs' motion to modify the judgment damages by an award of prejudgment interest in accordance with the plaintiffs' offer of judgment and, more particularly, the provisions of the aforementioned statute. The defendant-Thrifty objects to the addition of prejudgment interest as applied to damages awarded to the plaintiff Mrs. Hefford. Its grounds of objection are two-fold:
 (1) the statutes which address the subject of offer of judgment violate the equal protection and due process clauses of the federal constitution in view of the difference in treatment which the statutes afford to a defendant, as opposed to a plaintiff; and
 (2) prejudgment interest should not be awarded to the plaintiff Angela M. Hefford because the jury's award of damages to her did not exceed the unified offer of judgment.
 I
The simple answer to the first ground is that the Connecticut Supreme Court has recently decided that Connecticut's offer of judgment legislation (Sec. 52-192a through 52-195, Conn. Gen. Stat.) does not violate the equal protection and due process clauses of the federal constitution. Blakeslee Arpaia Chapman,Inc. v. EI Constructors, Inc., 239 Conn. 708, 753-59 (1997). CT Page 1109
"The claim that [legislation] is unconstitutional is always important. It is always one which [our Supreme Court] prefer[s], if possible, to decide." Riley v. Liquor Control Commission,153 Conn. 242, 250 (1965). That court having only recently decided the instant issue, it seems hardly appropriate for this court to assume a role which conflicts with protocol and revisit the same issue merely because the defendant-Thrifty disagrees with the decision.
 II
The Supreme Court in Blakeslee has also decided that "a defendant cannot be liable for offer of judgment interest based on a judgment less than the amount in the unified offer"Blakeslee Arpaia Chapman v. EI Constructors, Inc., supra 744. "In other words, a defendant will only be liable for offer of judgment interest when the amount of damages recovered against that particular defendant equals or exceeds the amount of the unified offer." Id., 744-45 Fn. 40. The court's decision in this connection would seem to afford sound basis for the defendant's second ground of objection, thereby denying such interest to the plaintiff Mrs. Hefford.
To reach the above result, however, would require one to disregard the nature of a complaint for loss of spousal consortium. Such a complaint is not autonomous but, rather, "derivative of the injured spouse's cause of action." Hopson v.St. Mary's Hospital, 176 Conn. 485, 494 (1979). Moreover, the claim is "barred when a suit brought by the injured spouse [is] terminated by settlement or by an adverse judgment on the merits." Ladd v. Douglas Trucking Co., 203 Conn. 187, 195 (1987). It follows from this that an unfair disposition would effectively be achieved were the principal plaintiff and consortium plaintiff to file their own individual offers of judgment. A defendant could then accept the principal plaintiff's offer and, without more, extinguish by operation of law the consortium plaintiff's cause of action.
Filing individual offers of judgment in the above context is not merely imprudent but militates against the purpose of the statute (Sec. 52a-192a), i.e., the encouragement of full, rather than piecemeal, settlement. Blakeslee Arpaia Chapman. Inc. v. EIConstructors, Inc., supra, 746. This court finds that a unified offer of settlement is the only viable alternative in a case, CT Page 1110 such as here, involving a primary claim and a derivative consortium claim. In such case an exception applies to the Supreme Court holding precluding prejudgment interest recovery by a co-plaintiff when the amount of damages awarded to that party is less than the amount of the plaintiffs' unified offer of judgment. Instead, when the amount of damages awarded to the principal plaintiff equals or exceeds the amount of a unified offer of judgment, prejudgment interest should be computed and applied to the combined damages awarded to the principal and derivative consortium plaintiffs.
 III
Accordingly, the plaintiffs' motion is granted and the judgment modified to reflect the addition in the aggregate of interest from October 26, 1993, through January 30, 1997, in the amount of $1,223,452.57.
It is so ordered.
Gaffney, J.