[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court held a hearing for a temporary injunction on November 4, 9 and 19, 1999 and December 9, 1999, after which the defendant (Tedesco) urges the court to deny the plaintiff's (Eastcoast Guitar) application or, in the alternative, limit it in scope to permit the defendant to operate his business known as Guitar Hangar, provided the business remain an Internet-based business only. Further, the defendant shall not solicit any business from any customers of the plaintiff located in Fairfield, Litchfield and New Haven counties in Connecticut, or otherwise compete with the plaintiff within a thirty (30) mile radius of the plaintiff's store in Danbury, Connecticut at 25 Hayestown Road.
The plaintiff, in its claims for relief, urges the court to enforce a non-complete contract signed by the parties on January 27, 1997 for one year in which the defendant, in consideration of his continued employment with the plaintiff, agreed not to compete with the plaintiff by either performing any similar services for any competitor of the plaintiff within a one hundred (100) mile radius of Danbury, which would extend to Rhode Island, Massachusetts, New York, and the entire state of Connecticut.
Connecticut courts have upheld agreements not to compete arising out of an employment relationship to protect its potential business interests in its market area, as well as its existing customers. Torrington Creamery, Inc. v. Davenport,126 Conn. 515, 520 (1940). The plaintiff is required to prove with reasonable probability of succeeding on the merits, and not having an adequate remedy at law, will sustain irreparable injury. Riley v. Liquor Control Commission, 153 Conn. 242 (1965). The principal purpose of a preliminary injunction is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits. Olcott v. Pendleton,128 Conn. 292, 295 (1941). For the plaintiff to be entitled to a temporary injunction, it must establish five factors to decide the reasonableness of the plaintiff's restrictive covenant set forth in the one year contract with the defendant:
(1) the length of time the restriction operates; CT Page 1699
(2) the geographic area covered;
(3) the fairness of the protection accorded to the employer;
(4) the extent of the restraint on the employee's opportunity to purse his occupation; and.
(5) the extent of interference with the public's interest.Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525,529 (1988).
This five prong test is disjunctive, rather than conjunctive. If the court finds any one of these five factors unreasonable, the restrictive covenant in the agreement is unenforceable. NewHaven Tobacco Co. v. Perrelli, 11 Conn. App. 636, 638-39 (1987);Scott v. General Iron Welding Co., 171 Conn. 132, 137 (1976).
There is no dispute that the plaintiff terminated the defendant's employment on August 16, 1999. The plaintiff now seeks an order to enforce the agreement not to compete for one year as he agreed.
After hearing all the testimony and reviewing all the exhibits, the court finds the plaintiff has proven four of the five factors required to enforce this agreement not to compete set forth inRobert S. Weiss Associates, Inc. v. Wiederlight, supra, 525, 529. The court finds that the geographic area in the agreement is too broad and is not reasonable or necessary to protect the plaintiff's business. For that reason, the court will permit the defendant to operate the business known as Guitar Hanger on the Internet only, and furthermore, the defendant shall not solicit any business from any customers of the plaintiff located in Fairfield, Litchfield and New Haven counties in Connecticut, or otherwise compete with the plaintiff by working for a competitor of the plaintiff or operate a retail business with a walk-in store in competition with the plaintiff in the aforesaid counties and within a thirty (30) mile radius of the plaintiff's store in Danbury, Connecticut at 25 Hayestown Road for a period of one year from this date.
Romeo G. Petroni Judge Trial Referee CT Page 1700