[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court is presented with a Motion to Modify and a Motion for Contempt which require construction of a judgment for their resolution.
This is a post-judgment matter. The parties were divorced on November 16, 1988. After a contested hearing, orders were entered. The salient orders were:
"The defendant is to retain full title to his pension plan and annuity and the plaintiff will make no claim thereunder.
The defendant is to pay to the plaintiff the sum of $200.00 per week as periodic alimony, which shall terminate upon the happening of the first of the following events:
Death of either party;
Remarriage of the plaintiff;
Cohabitation by the plaintiff."
An appeal was taken by defendant; the trial court decision was confirmed.
Post-judgment, on May 28, 1991, the defendant filed a motion to modify support. At the same time, a contempt motion was pending claiming nonpayment by the defendant. The parties entered into an agreement which became a court order on July 30, 1991. It modified the judgment in regard to alimony as follows: CT Page 5115-J
"The alimony shall continue at $200.00 a week for each week Mr. Yeager is employed. When he is unemployed it shall be $100.00 a week. No arrearage shall accrue.
"3. Mr. Yeager shall inform Tommie Yeager when he is employed and when laid off."
Mr. Yeager filed no financial affidavit for that hearing; Ms. Yeager did.
On April 26, 1994, the defendant filed a further Motion seeking to modify alimony. The motion claimed that Mr. Yeager "is unemployed and his unemployment benefits have expired consequently, he has no income." On May 17, 1994, the court ordered by agreement, that orders entered in that matter "shall be retroactive to 5-17-94." The substance of that Motion is now before this court.
Further, a rule seeking a contempt finding against the defendant was filed by the plaintiff on April 10, 1996.
For purposes of disposition of these two motions, the parties waived an evidentiary hearing and stipulated to the following facts:
1. Mr. Yeager is retired as a result of a medical condition. He does not work.
2. Mr. Yeager receives monthly pension benefits.
3. The parties have stipulated to an arrearage and how to pay it, depending upon the decision herein on the issue presented.
The central dispute presented by the parties in argument and by memorandum are as follows:
Does the order in the original judgment which gives Mr. Yeager full title to his pension free of any claim from Ms. Yeager preclude it being considered as income producing in regard to the alimony obligation due from the defendant to plaintiff.
In short, the answer is no.
A pension is a marital asset subject to order under CT Page 5115-K Connecticut General Statutes § 46b-81 by the trial court. SeeKrafick v. Krafick, 234 Conn. 783, ___ A.2d ___ (1995).
The language in the judgment denying the plaintiff a claim to the pension is appended as a part of the sentence of the property settlement award. The structure of judgments is highly instructive when construing the meaning of the judgment. Blake v.Blake, 211 Conn. 485, 497, 560 A.2d 396 (1989); Viglione v.Viglione, 171 Conn. 213, 216, 368 A.2d 202 (1976). The language, then, is found to be a denial of any § 46b-81 propertysettlement award to the plaintiff of any portion of the pension only.
Pensions are not unlike other accounts awarded permanent to that statute. For instance, if a party is awarded a bank account as part of a settlement, the interest income is within the ambit of items of income for the court to consider in the award of alimony. So, the same is true of a pension.
The matter is set down for a hearing on August 12, 1996 for orders on the motion consistent with this memorandum.
Lynda B. Munro, Judge